**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

**STATE OF TEXAS**,

Plaintiff,

v.

**MERRICK GARLAND**, in his official capacity as
Attorney General, *et al.*,

Defendants.

Case No. 5:23-cv-00034-H

**DEFENDANTS' MEMORANDUM IN SUPPORT OF
THEIR MOTION TO STAY**

**INTRODUCTION**

Defendants have filed a motion to transfer venue, which presents a threshold issue for the Court to resolve before the case proceeds. The parties should complete briefing on that motion and the Court should resolve the motion to avoid unnecessary expenditure of the parties' and the Court's resources on further proceedings. Moreover, as the case is in its early stage, Plaintiff would not suffer any harm from a temporary stay to allow the Court to resolve Defendants' transfer motion. Accordingly, and for the reasons set forth below, a temporary stay of all other outstanding deadlines, including Defendants' deadline to respond to the Amended Complaint and any other deadlines that may arise, pending resolution of Defendants' transfer motion is warranted.

**BACKGROUND**

On February 15, 2023, Plaintiff filed this suit in the Lubbock Division of the Northern District of Texas. *See* Compl., ECF No. 1. That same day, Texas filed an Amended Complaint, alleging that the Consolidated Appropriations Act, 2023 was unlawfully enacted because, pursuant to a House Rule, members of the House of Representatives were able to vote by proxy. *See* Am. Compl. ¶¶ 58–60, ECF No. 4.

Plaintiff served the U.S. Attorney's Office on Friday, February 24, 2023. On Monday, February 27, 2023, Defendants moved to transfer venue to the U.S. District Court for the District of Columbia or the Austin Division of the U.S. District Court of the Western District of Texas pursuant to 28 U.S.C. § 1406, or, in the alternative, 28 U.S.C. § 1404(a). *See* Defs.' Mot., ECF No. 9; Defs.' Mem., ECF. No. 10. Defendants argued that transfer is warranted because no party resides in this district, nor has Plaintiff claimed that any event giving rise to its claim occurred in this district. *See* Defs.' Mem. 4–13. Plaintiff's response is due March 20, 2023, and Defendants' reply is due April 3, 2023. *See* Local R. 7.1(e), (f). Aside from briefing on Defendants' motion to transfer, the only pending

1

deadline is Defendants' response to the Amended Complaint, which is currently due April 25, 2023. *See* Fed. R. Civ. P. 12(a)(2).

## ARGUMENT

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Although not "unbounded," the district court has a "discretionary power to stay proceedings before it in the control of its docket and in the interests of justice." *In re Beebe*, 56 F.3d 1384 (5th Cir. 1995) (citation omitted). "The court should consider, among other factors, (1) the potential prejudice to the non-moving party, (2) the hardship and inequity to the moving party if the action is not stayed, and (3) judicial efficiency." *Mulvey v. Vertafore, Inc.*, No. 3:21-CV-00213-E, 2021 WL 4137522, at *1 (N.D. Tex. May 7, 2021) (citing *Blunt v. Prospect Mortg., LLC*, No. 3:13-CV-1595-P, 2013 WL 12129263, at *1 (N.D. Tex. Nov. 20, 2013)). These factors weigh in favor of temporarily staying the case until the Court resolves Defendants' pending motion to transfer venue.

First, Defendants would be harmed by proceeding with this action. In the absence of a stay, Defendants would likely file a motion to dismiss the Amended Complaint. A motion to dismiss and subsequent briefing would necessarily rely on binding precedent. If the parties brief a motion to dismiss relying on Fifth Circuit law and the Court subsequently grants Defendants' motion to transfer and transfers the case to the U.S. District Court for the District of Columbia, then the parties likely would need to re-brief a motion to dismiss relying on D.C. Circuit precedent. Multiple rounds of briefing would be inefficient and a waste of the parties' resources. Moreover, as Plaintiff has alleged no colorable basis for filing suit in the Northern District of Texas, resolution of the motion to transfer venue will inform Defendants' decision on whether to pursue a motion to dismiss for lack of venue under Federal Rule of Civil Procedure 12(b)(3).

Second, an interim stay will not prejudice Plaintiff in this proceeding.  This case is still in the early stages of litigation.  No Rule 16 conference has occurred, no case management order has been entered, and the only motion pending before the Court is Defendants' motion to transfer venue. Although Plaintiff has indicated that it will seek a preliminary injunction, *see* Am. Compl. at Prayer for Relief, it has not done so.  Plaintiff will not suffer any harm by a short delay in proceedings while the Court considers whether to transfer the case.  *See Mulvey v. Vertafore, Inc.*, No. 3:21-CV-00213-E, 2021 WL 4137522, at *1 (N.D. Tex. May 7, 2021) (temporarily staying the case when the plaintiff did "not articulate any specific harm he will suffer by a short delay, at the outset of this case, in order to resolve the motion to transfer").

Finally, staying proceedings pending the consideration of a transfer motion serves the interest of judicial economy because it would allow the Court to rule on the threshold transfer issue before engaging in any further proceedings.  As the Fifth Circuit has stated, "disposition of [a transfer] motion should [] take[] a top priority in the handling of this case."  *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003); *see also E. Texas Boot Co., LLC v. Nike, Inc.*, No. 2:16-CV-0290-JRG-RSP, 2017 WL 2859065, at *2 (E.D. Tex. Feb. 15, 2017) ("Timely motions to transfer venue should be "should [be given] a top priority in the handling of [a case][.]" (quoting *In re Horseshoe Entm't,* 337 F.3d at 433)); *In re Apple Inc.*, 979 F.3d 1332, 1337 (Fed. Cir. 2020) ("Although district courts have discretion as to how to handle their dockets, once a party files a transfer motion, disposing of that motion should unquestionably take top priority.").  It would be inefficient to engage in further proceedings while the Court is weighing a motion that would transfer this case to another court because in the absence of a temporary stay and if the case is ultimately transferred, "this Court will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge."  *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360–61 (C.D. Cal. 1997).

Accordingly, because all factors weigh in favor of a stay, a temporary stay of the case pending

resolution of the threshold transfer issue is warranted.

## CONCLUSION

For the foregoing reasons, the Court should temporarily stay this case pending resolution of

Defendants' Motion to Transfer Venue.


Dated: March 2, 2023                           Respectfully submitted,

                                               BRIAN M. BOYNTON
                                               Principal Deputy Assistant Attorney General

                                               JOHN GRIFFITHS
                                               Director, Federal Programs Branch

                                               LESLEY FARBY
                                               Assistant Branch Director

                                               */s/ Courtney D. Enlow*
                                               COURTNEY D. ENLOW (N.C. Bar No. 46578)
                                               Senior Counsel
                                               United States Department of Justice
                                               Civil Division, Federal Programs Branch
                                               1100 L Street, N.W.
                                               Washington, D.C. 20005
                                               Tel: (202) 616-8467
                                               Fax: (202) 616-8470
                                               Email: courtney.d.enlow@usdoj.gov

                                               *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2023, I electronically filed the foregoing paper with the Clerk

of Court using this Court's CM/ECF system, which will notify all counsel of record of such filing.

/s/ *Courtney D. Enlow*
COURTNEY D. ENLOW
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel: (202) 616-8467
Fax: (202) 616-8470
Email: courtney.d.enlow@usdoj.gov

5