IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **STATE OF TEXAS**, <br><br> Plaintiff, <br><br> v. <br><br> **MERRICK GARLAND**, in his official capacity as Attorney General, *et al.*, <br><br> Defendants. | Case No. 5:23-cv-00034-H |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF
THEIR MOTION TO STAY PRELIMINARY INJUNCTION DEADLINES
OR, IN THE ALTERNATIVE, TO EXTEND RESPONSE DEADLINE**

**INTRODUCTION**

Plaintiff filed this suit in mid-February. Shortly thereafter, Defendants moved to transfer this case and to stay proceedings pending resolution of their transfer motion. The Court granted in part Defendants' motion to stay, staying Defendants' deadline to respond to Plaintiff's amended complaint until further order of the Court. Yesterday, seven weeks after bringing suit, Plaintiff filed a motion for a preliminary injunction. Because Defendants' transfer motion presents a threshold issue to resolve before the case proceeds, Defendants respectfully request that deadlines pertaining to Plaintiff's preliminary injunction motion be stayed. In the alternative, Defendants request that their response deadline be extended to May 4, 2023. Plaintiff opposes Defendants' stay request, but consents to the request, made in the alternative, to extend the response deadline to May 4.

Staying deadlines pertaining to the preliminary injunction motion pending resolution of the transfer motion is warranted to avoid unnecessary expenditure of party and judicial resources. Moreover, there is no indication that Plaintiff would suffer any harm from a temporary stay. Plaintiff waited seven weeks to file its preliminary injunction motion, undermining any argument that a short stay would cause hardship. Further, in the preliminary injunction motion, Plaintiff's irreparable harm argument—which spans just two paragraphs—identifies no imminent harm that Plaintiff will suffer, let alone any harm it would confront during the limited stay requested here. Accordingly, and for the reasons stated below, Defendants request that the Court temporarily stay the deadlines related to Plaintiff's preliminary injunction motion pending resolution of Defendants' transfer motion.

**BACKGROUND**

On February 15, 2023, Plaintiff filed this suit in the Lubbock Division of the Northern District of Texas. *See* Compl., ECF No. 1. That same day, Texas filed an Amended Complaint, alleging that the Consolidated Appropriations Act, 2023 was unlawfully enacted because some members of the

1

House of Representatives voted by proxy, pursuant to a House Rule, to approve the legislation. *See* Am. Compl. ¶¶ 58–60, ECF No. 4.

Plaintiff served the U.S. Attorney's Office on Friday, February 24, 2023. On Monday, February 27, 2023, Defendants moved to transfer venue to the U.S. District Court for the District of Columbia or the Austin Division of the U.S. District Court of the Western District of Texas pursuant to 28 U.S.C. § 1406, or, in the alternative, 28 U.S.C. § 1404(a). *See* Defs.' Mot., ECF No. 9; Defs.' Mem., ECF. No. 10. Defendants argued that transfer is warranted because Plaintiff does not "reside" in this district, as the term is defined in § 1391, and because Plaintiff has not claimed that any event giving rise to its claim occurred in this district. *See* Defs.' Mem. 4–13. That motion is now ripe. *See* ECF Nos. 32, 34.

On March 2, 2023, Defendants moved to stay further proceedings pending resolution of their transfer motion. ECF No. 11. The Court granted in part that motion, staying Defendants' deadline to file a responsive pleading to Plaintiff's Amended Complaint. Order, ECF No. 30. No other deadlines were affected by that order. *Id.* at 42-43.

One day after Defendants filed their reply in support of their transfer motion—and seven weeks after Plaintiff initially brought this suit—Plaintiff filed a motion for a preliminary injunction. ECF No. 37. The brief accompanying the motion is 45 pages long; the irreparable harm section is confined to two paragraphs. *Id.* at 42-43. Plaintiff does not refer, in that section or anywhere else in its brief, to any date by which Plaintiff will confront imminent, irreparable harm. Similarly, Plaintiff's brief does not contain any assertion that Plaintiff will be irreparably harmed during the period covered by the stay requested by Defendants here.

## ARGUMENT

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and

2

for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  Although not "unbounded," the district court has a "discretionary power to stay proceedings before it in the control of its docket and in the interests of justice." *In re Beebe*, 56 F.3d 1384 (5th Cir. 1995) (citation omitted).  "The court should consider, among other factors, (1) the potential prejudice to the non-moving party, (2) the hardship and inequity to the moving party if the action is not stayed, and (3) judicial efficiency." *Mulvey v. Vertafore, Inc.*, No. 3:21-CV-00213-E, 2021 WL 4137522, at *1 (N.D. Tex. May 7, 2021) (citing *Blunt v. Prospect Mortg., LLC*, No. 3:13-CV-1595-P, 2013 WL 12129263, at *1 (N.D. Tex. Nov. 20, 2013)).  These factors weigh in favor of temporarily staying the deadlines pertaining to Plaintiff's preliminary injunction motion until the Court resolves Defendants' pending motion to transfer venue.

First, Defendants would be harmed by proceeding with this action.  In the absence of a stay, Defendants will file a response to Plaintiff's preliminary injunction motion.  That response, as well as any subsequent briefing, would necessarily rely on binding precedent.  If the parties file briefs relying on Fifth Circuit law and the Court subsequently grants Defendants' motion to transfer and transfers the case to the U.S. District Court for the District of Columbia, then the parties would need to re-brief the motion, as well as a possible motion to dismiss, relying on D.C. Circuit precedent.  *See Murphy v. FDIC*, 208 F.3d 959, 964 (11th Cir. 2000) (agreeing with four other circuits that, in federal question cases transferred pursuant to § 1404(a), "the transferee court should apply its own interpretation of federal law"); *see also In re Whole Foods Mkt., Inc.*, 163 F. Supp. 3d 385, 388 (W.D. Tex. 2016) ("transferee court" in MDL context "must apply the law of its own circuit when analyzing questions of federal law").  Multiple rounds of briefing would be needlessly inefficient.

Second, a temporary stay will not prejudice Plaintiff in this proceeding.  This case is still in the early stages of litigation.  No Rule 16 conference has occurred, and no case management order has been entered.  The only motion ripe for adjudication is the Defendants' motion to transfer venue.  Seven weeks into this litigation, and 14 weeks after passage of the law that Plaintiff challenges, Plaintiff

3

has now filed a motion for a preliminary motion. In the 45-page brief accompanying Plaintiff's motion, Plaintiff dedicates just two paragraphs to establishing that it will suffer irreparable harm absent the issuance of a preliminary injunction. *See* ECF No. 38 at 42-43. Plaintiff's irreparable harm discussion does not refer to any date by which Plaintiff alleges it will be irreparably harmed absent an injunction. Accordingly, there is no indication that Plaintiff will face any hardship from resolution of Defendants' transfer motion prior to further briefing on its preliminary injunction motion. In such circumstances, a short delay in proceedings while the Court considers whether to transfer the case is warranted. *See Mulvey v. Vertafore, Inc.*, No. 3:21-CV-00213-E, 2021 WL 4137522, at *1 (N.D. Tex. May 7, 2021) (temporarily staying the case when the plaintiff did "not articulate any specific harm he will suffer by a short delay, at the outset of this case, in order to resolve the motion to transfer").

Finally, staying preliminary injunction briefing deadlines pending the consideration of a transfer motion serves the interest of judicial economy because it would allow the Court to rule on the threshold transfer issue before engaging in any further proceedings. As the Fifth Circuit has stated, "disposition of [a transfer] motion should [] take[] a top priority in the handling of this case." *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003); *see also E. Texas Boot Co., LLC v. Nike, Inc.*, No. 2:16-CV-0290-JRG-RSP, 2017 WL 2859065, at *2 (E.D. Tex. Feb. 15, 2017) ("Timely motions to transfer venue should be "should [be given] a top priority in the handling of [a case][.]" (quoting *In re Horseshoe Entm't,* 337 F.3d at 433)); *In re Apple Inc.*, 979 F.3d 1332, 1337 (Fed. Cir. 2020) ("Although district courts have discretion as to how to handle their dockets, once a party files a transfer motion, disposing of that motion should unquestionably take top priority."). Indeed, the reverse sequence of events—briefing preliminary injunction motions and other matters prior to transfer motions—is disfavored in this Circuit. *See* Order, *U.S. Navy Seals 1-26 v. Biden*, ECF No. 150, No. 4:21-cv-01236 (N.D. Tex. May 7, 2022) (denying transfer motion because defendants raised issue after litigating preliminary injunction motion); *see also In re Planned Parenthood Federation of Am., Inc.*, 52 F.4th 625, 631

(5th Cir. 2022) (faulting the defendants' delay in moving to transfer a case, where the motion was not filed until "months into the discovery period"). For that reason, while Plaintiff waited seven weeks to file its preliminary injunction motion, Defendants moved to transfer just one business day after the U.S. Attorney's Office was served. It would be inefficient to engage in further proceedings while the Court considers the ripe transfer motion, because in the absence of a temporary stay, "this Court will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360–61 (C.D. Cal. 1997).

Accordingly, because the three relevant factors weigh in favor of a stay, Defendants request that the Court temporarily stay the deadlines related to Plaintiff's preliminary injunction pending resolution of the threshold issues presented in Defendants' transfer motion.

## CONCLUSION

For the foregoing reasons, Defendants request that the Court temporarily stay this case pending resolution of Defendants' now-ripe Motion to Transfer Venue.

Dated: April 6, 2023                                       Respectfully submitted,

                                                           BRIAN M. BOYNTON
                                                           Principal Deputy Assistant Attorney General

                                                           JOHN R. GRIFFITHS
                                                           Director, Federal Programs Branch

                                                           LESLEY FARBY
                                                           Assistant Branch Director

                                                           */s/ Michael J. Gaffney*
                                                           COURTNEY D. ENLOW (N.C. Bar No. 46578)
                                                           Senior Trial Counsel
                                                           MICHAEL J. GAFFNEY (D.C. Bar No. 1048531)
                                                           Trial Attorney
                                                           United States Department of Justice
                                                           Civil Division, Federal Programs Branch
                                                           1100 L Street, N.W.
                                                           Washington, D.C. 20005

Tel: (202) 514-2356
Fax: (202) 616-8470
Email: michael.j.gaffney@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 6, 2023, I electronically filed the foregoing paper with the Clerk of Court using this Court's CM/ECF system, which will notify all counsel of record of such filing.

                                        /s/ *Michael J. Gaffney*
                                        MICHAEL J. GAFFNEY
                                        Trial Attorney
                                        United States Department of Justice
                                        Civil Division, Federal Programs Branch
                                        1100 L Street, N.W.
                                        Washington, D.C. 20005
                                        Tel: (202) 514-2356
                                        Fax: (202) 616-8470
                                        Email: michael.j.gaffney@usdoj.gov