UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| STATE OF TEXAS,<br><br>    Plaintiff,<br><br>v.<br><br>MERRICK GARLAND, in his official capacity as Attorney General, et al.,<br><br>    Defendants. | No. 5:23-CV-034-H |

## NOTICE OF CONSOLIDATION WITH TRIAL ON THE MERITS

Before the Court are the plaintiff's motion for preliminary injunction and the defendants' motion to dismiss. Dkt. Nos. 37; 54. The Court has scheduled a hearing on these motions for October 30, 2023. Having reviewed the parties' filings on these motions and based on discussions at the telephonic conference held on October 16, 2023, the Court hereby notifies the parties that it will advance the trial on the merits and consolidate it with the motions hearing. Fed. R. Civ. P. 65(a)(2); *Eli Lilly & Co. v. Generix Drug Sales, Inc.*, 460 F.2d 1096, 1106–07 (5th Cir. 1972).

Federal Rule of Civil Procedure 65(a)(2) allows district courts to "advance the trial on the merits and consolidate it with the [preliminary-injunction] hearing," as long as the Court gives notice. Fed. R. Civ. P. 65(a)(2). "Courts have commonly required that the parties should normally receive clear and unambiguous notice of the court's intent to consolidate the trial and hearing either before the hearing commences or at a time which will still afford the parties a full opportunity to present their respective cases." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981) (cleaned up) (quotation omitted). "[E]ven notice after commencement of the [h]earing can be sufficient, depending upon all of the

circumstances of the case." *NordicTrack, Inc. v. Consumer Direct, Inc.*, 158 F.R.D. 415, 427 (D. Minn. 1994).

Both the telephonic conference and the parties' filings demonstrate that there is little factual dispute in this case and that no discovery is needed. At the telephonic conference, the Court asked the parties of their intent to present any witnesses or exhibits in support of their motions. Texas stated that it plans to submit a few declarations but would not present witnesses or exhibits. The defendants stated that they too did not have any evidence or witnesses and planned to rely on the declarations submitted with their motion and any responsive declarations to Texas's declarations. Further, Texas noted that it planned to request that the Court convert its preliminary-injunction motion to a motion for summary judgment and permanent injunction because there does not appear to be a genuine dispute of any material facts regarding the passage of the Consolidated Appropriations Act, 2023, Public Law No. 117-328, 136 Stat. 4459 (Dec. 29, 2022). At the hearing, the defendants did not have any immediate objection to proceeding to a final resolution of this case.

Accordingly, the Court finds that consolidation of the preliminary injunction hearing with a trial on the merits is appropriate to expedite trial and to secure the parties a final resolution of their claims in this Court. Pursuant to Federal Rule of Civil Procedure 65(a)(2), evidence previously submitted on the motions that would be admissible at trial will be part of the trial record and need not be repeated at trial.

At the trial, the parties should be prepared to discuss and, if necessary, present evidence regarding the following matters:

> 1. The extent of the regulatory burden, if any, that the Pregnant Workers Fairness Act (PWFA) has imposed on Texas, such as costs Texas has incurred or actions Texas has taken in preparation for the PWFA becoming effective and being implemented.

2. Whether any litigation or investigations have resulted in Texas from the PWFA since it has taken effect.

3. The EEOC's notice of proposed rulemaking, "Regulations to Implement the Pregnant Workers Fairness Act," 88 Fed. Reg. 54714 (proposed Aug. 11, 2023), which includes estimates of the expected number of state government workers that will be newly eligible for accommodations due to the PWFA and the anticipated costs for employers to provide these accommodations. 88 Fed. Reg. at 54754–62.

4. Whether the funding for the Alternatives to Detention case management pilot program (CMPP) has increased immigration into Texas and has caused Texas to incur additional costs in providing social services.

5. The number of aliens currently participating in the CMPP in Texas.

6. Whether aliens enrolled in the CMPP are required to remain in the program's location sites.

7. Whether the grant application process for the CMPP funding from the Consolidated Appropriations Act, 2023, has begun.

8. Whether the CMPP National Board is obligated to provide any additional funding to the Houston pilot site if BakerRipley were to apply for the CMPP funding from the Consolidated Appropriations Act, 2023.

9. Whether the CMPP National Board has awarded any grants from the CMPP funding from the Consolidated Appropriations Act, 2022.

10. The scope of the injunction requested by Texas.

11. The effect of the end of the federal government's 2023 fiscal year on the scope of Texas's challenge.

If, in light of this notice, a party will need additional time to gather evidence for the trial on the merits, that party may request a continuance of the October 30, 2023 trial date.

Any continuance request should be made by October 23, 2023. If a continuance is granted, the Court will enter a separate scheduling order as necessary.

If no party requests a continuance by October 23, 2023, the Court will proceed with a trial on the merits on October 30, 2023, at 9:00 am in the United States District Court, Courtroom C-216, 1205 Texas Avenue, Lubbock, Texas. The Court's previously set deadlines for service of declarations, responsive declarations, and any objections to the Court's consideration of those declarations will also remain in effect.

So ordered on October 20, 2023.

*[signature]*
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE