IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **STATE OF TEXAS**,<br><br>       Plaintiff,<br><br> v.<br><br>**MERRICK GARLAND**, in his official capacity as Attorney General, *et al.*,<br><br>       Defendants. | Case No. 5:23-cv-00034-H |

**DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE CERTAIN DECLARATIONS OR, IN THE ALTERNATIVE, EVIDENTIARY OBJECTIONS**

On November 1, 2023, Plaintiff served four declarations on Defendants. To date, these are the only declarations that Plaintiff has prepared in connection with this suit, which Plaintiff filed nearly nine months ago. Three of the declarations provide generalized figures on the purported costs to Texas of illegal immigration. The fourth purports to estimate future costs for the Texas Office of the Attorney General related to the Pregnant Workers Fairness Act (PWFA). Pursuant to the Court's Order on the parties' joint motion for continuance, ECF No. 75, Defendants file these objections to the admissibility of Plaintiff's declarations.[1]

All four declarations should be excluded for lack of relevance or lack of proper foundation. The three declarations related to immigration answer none of the eleven questions posed by the Court's Notice of Consolidation with Trial on the Merits, *see* ECF No. 73 at 2–3, and Plaintiff offers no relevant nexus between purported costs arising from illegal immigration generally and the Case Management Pilot Program (CMPP) funds at issue in this case. As to the fourth declaration, Plaintiff fails to provide adequate foundation for its declarant's conclusory assertions about future costs that may be incurred in connection with the PWFA. Accordingly, this motion should be granted, and

---

[1] The parties have agreed not to object to admissibility on the basis that the declarations themselves are hearsay.

1

these declarations should be excluded.

I. **The Court Should Exclude the Declarations of Rebecca Waltz, Susan Bricker, and Mike Meyer as Irrelevant.**

Plaintiff offers three declarations that purport to estimate costs to state and local governments associated with illegal immigration, but without any asserted connection to the CMPP funds challenged in this case. Declarant Michael Meyer of the Texas Education Agency, for example, estimates per-student "funding entitlement from state and local sources" and the total annual cost of educating non-citizen unaccompanied children released to adult sponsors in Texas. Ex. 1, Declaration of Michael Meyer ("Meyer Decl.") ¶¶ 2–4. Declarant Rebecca Waltz of the Texas Department of Criminal Justice estimates the unreimbursed costs of incarcerating undocumented prisoners meeting certain offense criteria. Ex. 2, Declaration of Rebecca Waltz ("Waltz Decl.") at ¶¶ 3–9. And Susan Bricker of the Texas Health and Human Services Commission asserts certain costs related to the provision of healthcare for non-citizens while acknowledging various methodological challenges. Ex. 3, Declaration of Susan Bricker ("Bricker Decl.") at ¶¶ 8, 10, 11. Meyer and Waltz also offer some version of the tautological argument that more people in schools and in jail lead to higher costs relating to schools and jails. Meyer Decl. ¶ 7; Waltz Decl. ¶ 10.

To be relevant and admissible, evidence of Plaintiff's asserted Article III injuries must be tied to the legislation challenged. *See* Fed. R. Evid. 401(a); *see also California v. Texas*, 141 S. Ct. 2104, 2120 (2021) (holding states lacked standing absent injury "fairly traceable to the defendants' conduct in enforcing the specific statutory provision they attack as unconstitutional"). But these declarations do not establish any causal connection between the Consolidated Appropriations Act of 2023 and immigration costs of any kind, and Plaintiff has offered nothing else to fill that gap. None of the declarations go to any of the eleven questions posed by the Court's Notice of Consolidation with Trial on the Merits. ECF No. 73 at 2–3. Indeed, none of the declarations even mentions the CMPP, much

2

less estimates its alleged impact. Nor do they attempt to explain what connection, if any, exists between those enrolled in the CMPP and the specific costs the declarations address. Allegations and legal argument are not enough to supply the predicate facts necessary to draw a connection between the purported expenditures described in these declarations and the CMPP; Plaintiff, which bears the burden of proving its claims at trial, must produce evidence. Fed. R. Evid. 104(b) ("When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist."); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (while "general factual allegations" "may suffice" at pleading stage, facts must be "supported adequately by the evidence" at trial); *see also In re Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Prod. Liab. Litig.*, 511 F. Supp. 3d 804, 807–8 (S.D. Ohio 2021) (excluding as irrelevant evidence that certain diseases cause harm absent evidence plaintiff "was ever diagnosed" with those diseases). Absent sufficient evidence demonstrating a link between the CMPP and the costs described in their declarations, the Meyer, Waltz, and Brinker declarations should be excluded.

The timing of the purported expenditures described in these declarations demonstrates an independent basis for exclusion. The Waltz declaration purports to describe the state's costs—before any federal reimbursement, *see* Waltz Decl. ¶ 4—of incarcerating certain unauthorized immigrants for two time periods: July 1, 2020 to June 30, 2021, and July 1, 2021 to June 30, 2022. *Id.* ¶¶ 6, 8. But, at that time, the first tranche of CMPP funds—let alone the third as-yet undisbursed tranche that is at issue in this case—had not yet been distributed to the nonprofit subrecipients. Rather, Texas-based BakerRipley received CMPP funding no earlier than November 30, 2022, when the entity was selected as a subgrant recipient. Declaration of Peter Mina (Mina Decl.) ¶ 10 (May 3, 2023), ECF No. 53. The same temporal mismatch plagues the other two declarations. *See* Meyer Decl. ¶ 3 (listing the number of unaccompanied children released to sponsors in Texas during various 12-month periods, beginning in October 2014 and ending in September 2022); Bricker Decl. ¶¶ 8, 10 (attempting to apportion

various health care costs to unauthorized immigrants from January 2019 to May 2022). These declarations are thus irrelevant to the issues before the Court and should be excluded.

## II. The Court Should Exclude the Declaration of Henry De La Garza as Opinion Testimony Lacking Foundation.

The declaration of Henry De La Garza, Human Resources Director for the Texas Office of the Attorney General ("OAG"), should be excluded as opinion testimony without a sufficient foundation. *See* Ex. 4, Declaration of Henry De La Garza ("De La Garza Decl."). De La Garza provides future projections attempting to estimate the time and expense that OAG will take on "as a government employer" in connection with the PWFA. *Id.* ¶ 6.

Specifically, De La Garza speculates the number of hours required of various employees, and he multiplies by the hourly wages of each employee to reach each projected cost. For example, De La Garza estimates the OAG will "spend roughly . . . $574.76 to have the Human Resources ('HR') Director, HR Deputy Director, and a law clerk engage in adequate legal research of the Act's new requirements." *Id.* ¶ 7. That estimate rests on an unsupported assertion that these employees will spend nine hours performing this research. *Id.* at Ex. to De La Garza Decl.

De La Garza also predicts—without providing any estimate of the number of expected accommodation requests or EEOC charges—that OAG will spend $539.13 to "review, assess, and otherwise process any pregnancy accommodations requests" and "$4,685.92 . . . to answer any charges of discrimination filed with the EEOC." *Id.* ¶ 7. These estimates, too, are based simply on unsupported speculation as to the number of hours that certain employees will work multiplied by their hourly wages. *Id.* at Ex. to De La Garza Decl. Overall, De La Garza estimates OAG "will initially spend around $6,674.01 and more than . . . 100 hours of time to comply with the Act's new requirements for the first year." *Id.* ¶ 8. While the declaration provides the hourly wages of the relevant OAG employees, it is bereft of explanation as to how De La Garza arrived at the number of hours he claims certain tasks will take, how that estimated number of hours takes into account the

similarities between the PWFA and existing civil rights laws with which Texas already must comply, and how these numbers comport with Texas's statement in its complaint that it already provides accommodations to pregnant workers as a matter of course. *Id.* at Ex. to De La Garza Decl.

De La Garza's declaration lacks proper foundation whether it is characterized as an expert opinion or a lay opinion.[2] If it is an expert opinion—as suggested by De La Garza's assertion that the declaration was based on his "knowledge and expertise," De La Garza Decl. ¶ 10—it should be excluded for a total lack of disclosure as required by Fed. R. Civ. P. 26(b), and because the declaration includes no valid methodology that would support admissibility under Fed. R. Evid. 702. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 593 (1993). And if the declaration is considered as lay opinion testimony, it includes no facts sufficient to determine whether De La Garza's estimates were "rationally based on [his] perception" as required by Fed. R. Evid. 701(a).[3] Without this foundation, De La Garza's opinion stands only on impermissible speculation. *See United States v. Lloyd*, 807 F.3d 1128, 1154 (9th Cir. 2015) ("[A] lay opinion witness 'may not testify based on speculation.'" (internal citations omitted)). This lack of foundation is especially glaring given Plaintiff's repeated assertions in its pleadings that it already grants—and granted prior to the PWFA taking effect—reasonable accommodations to pregnant employees as would otherwise be required by the PFWA. Am. Compl. ¶ 28, ECF No. 4 ("The State of Texas accommodates the reasonable needs of its pregnant employees as a matter of course."); Br. Supp. Mot. for Prelim. Inj. at 13, ECF No. 38 (similar). De La Garza offers no explanation for why Texas would have to expend the time he claims to ensure compliance

---

[2] Even if these estimates are admissible, they are insufficient to establish standing. Defendants will be prepared, if necessary, to further address standing during argument at trial and in any post-trial briefing.

[3] In determining whether a lay opinion making future projections is "rationally based on the witness's perception," other courts have looked to whether the opinion is "based in the business's past performance." *Spectre Corp. v. United States*, 160 Fed. Cl. 486, 500 (2022) (collecting cases). There are no facts provided to conduct such an analysis here.

5

when, by Texas's own account, it already voluntarily did what it now says the PFWA requires. Because it is Plaintiff's burden to demonstrate admissibility, *Bourjaily v. United States*, 483 U.S. 171, 175 (1987), the declaration should be excluded.

## CONCLUSION

For the foregoing reasons, the Court should exclude the Declarations of Michael Meyer, Rebecca Waltz, Susan Bricker, and Henry De La Garza.

Dated: November 7, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JOHN GRIFFITHS
Director, Federal Programs Branch

LESLEY FARBY
Assistant Branch Director

*/s/ Clayton L. Bailey*
CLAYTON L. BAILEY (D.C. Bar No. 1644867)
MICHAEL J. GAFFNEY (D.C. Bar No. 1048531)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel: (202) 598-1226
Fax: (202) 616-8470
Email: clayton.l.bailey@usdoj.gov

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 7, 2023, I electronically filed the foregoing paper with the Clerk of Court using this Court's CM/ECF system, which will notify all counsel of record of such filing.

                                                          */s/ Clayton L. Bailey*
                                                          CLAYTON L. BAILEY (D.C. Bar No. 1644867)
                                                          Trial Attorney
                                                          United States Department of Justice
                                                          Civil Division, Federal Programs Branch
                                                          1100 L Street, N.W.
                                                          Washington, D.C. 20005
                                                          Tel: (202) 598-1226
                                                          Fax: (202) 616-8470
                                                          Email: clayton.l.bailey@usdoj.gov