IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **STATE OF TEXAS**, <br><br>                              Plaintiff, <br><br> v. <br><br> **MERRICK GARLAND**, in his official capacity as Attorney General, *et al.*, <br><br>                              Defendants. | Case No. 5:23-cv-00034-H |

### DEFENDANTS' MOTION TO RE-SET THE MOTIONS HEARING, STRIKE PLAINTIFF'S FOUR WITNESSES, OR CONTINUE THE TRIAL

Trial in this matter is set to begin in twelve days, on November 28, 2023. Pursuant to the Court's orders, on November 1, parties exchanged declarations, and on November 7, parties exchanged their objections to each other's declarations. Two days ago, contradicting numerous prior statements to Defendants and the Court, Plaintiff informed Defendants that it may call four live witnesses at trial. Specifically, Plaintiff stated that, in light of Defendants' motion *in limine*, Plaintiff may seek to call its declarants as live witnesses, an attempted end-run around deficient declarations that they have had months to prepare. Plaintiff therefore asked Defendants to withdraw their motion *in limine* to avoid the need for live testimony. That places Defendants in an untenable position: Either Defendants withdraw their valid objections to the admissibility of Plaintiff's declarations, or, if not, Defendants may be forced to cross examine witnesses without the benefit of any discovery, which would result in trial by ambush. Defendants request that the court either: (i) vacate the trial date and re-set a hearing on the pending motions without live testimony; (ii) strike Plaintiff's four newly-disclosed witnesses; or (iii) continue the trial for at least three weeks and allow Defendants to take depositions and other discovery, as appropriate, related to these new witnesses.

Two weeks ago, on November 1, 2023—more than eight months after filing its amended complaint—Texas served its first declarations in this case. None of the four declarants were known

1

to Defendants' counsel prior to November 1, 2023. As recently as last week, in response to a narrower question about the need for sponsoring witnesses at trial, Texas stated that it would not call any live witnesses at trial. *See* App001, Nov. 7, 2023 Email from E. Szumanski to M. Gaffney ("Texas agrees that live witnesses will not be necessary for the upcoming November 28 bench trial."). That representation was consistent with prior statements by Plaintiff's counsel, including those cited by the Court in its notice consolidating the motions hearing with a trial on the merits. *See* ECF No. 73 at 2 (noting that Texas stated that it "plans to submit a few declarations but would not present witnesses or exhibits" in support of its preliminary injunction motion). Two days ago, for the first time, Plaintiff listed four live witnesses on its trial witness list.

Absent relief from the Court, Defendants would suffer significant prejudice if forced to cross examine these four witnesses without the benefit of any pre-trial discovery. And pre-trial discovery was not previously available to Defendants because, even though this case was filed in February, these four witnesses were not identified as declarants until November 1 and they were not identified as potential trial witnesses until two days ago, November 14. Defendants did not know of the existence of these individuals until Plaintiff filed declarations two weeks ago, and Defendants did not know they potentially would be live witnesses until two days ago. Defendants still do not know, less than two weeks before trial, what these witnesses would say if called to testify, but their testimony would presumably go beyond what they stated in their declaration, for the reasons explained below. Defendants thus potentially face, absent relief, a highly prejudicial "trial by ambush."

Accordingly, Defendants request that the Court order one of three alternative solutions to mitigate potential prejudice to Defendants. **First**, Defendants request that the Court vacate the trial date and re-set a hearing on the pending motions. As explained in the Joint Motion to Continue, ECF No. 74, Defendants continue to believe that litigation in the regular order—rulings on Defendants' motion to dismiss and, if necessary, Plaintiff's preliminary injunction motion, followed by summary

judgment briefing—would appropriately and efficiently resolve this litigation. Defendants would be ready for a hearing on the fully briefed motions, which we understand would not involve live witnesses from either side, on November 28. In this situation, Defendants would not seek to exclude the Plaintiff's declarations from evidence, although Defendants would still be permitted to argue that the evidence in the declarations is insufficient to meet Plaintiff's burden. Crucially, from Defendants' perspective, unlike a trial on the merits, a motions hearing would not result in findings of fact, so admitting Plaintiff's declarations for purposes of a motions hearing would not carry the same prejudice as admitting those same declarations at trial without any opportunity for discovery. **Second**, in the alternative, Defendants request that the Court strike Plaintiff's four newly-disclosed witnesses for the reasons explained in Defendants' motion *in limine* to exclude the witnesses' corresponding declarations. Defendants' objections are substantive and would not be cured simply by offering the same testimony through live witnesses rather than declarations. **Third**, in the alternative, if the Court is not inclined to grant Defendants' first or second requests, it should continue the trial for at least three weeks and allow Defendants to take depositions and other discovery, as appropriate, related to these new witnesses.

## BACKGROUND

Plaintiff filed its Complaint nine months ago, on February 15, 2023. ECF No. 1. Two and a half months later, Plaintiff filed a motion for preliminary injunction. ECF No. 37. Plaintiff did not support either its Complaint or motion with declarations, relying instead on only one document related to the Case Management Pilot Program (CMPP). ECF No. 38-1. Briefing on the preliminary injunction concluded without Plaintiff producing any additional evidence. At a status conference on October 16, 2023, in preparation for the scheduled October 30 hearing on the preliminary injunction and Defendants' motion to dismiss, Plaintiff stated that "it plan[ned] to submit a few declarations but would not present witnesses or exhibits." ECF No. 73. Defendants similarly noted that they did not

intend to call live witnesses at the hearing. *Id.* At the status conference, without raising the issue with Defendants beforehand, Plaintiff asserted that it "planned to request that the Court convert its preliminary-injunction motion to a motion for summary judgment and permanent injunction because there does not appear to be a genuine dispute of any material facts." *Id.* Defendants stated that they would be prepared to address the issue at the motions hearing, as the Court requested.

On October 20, 2023, the Court *sua sponte* issued its Notice of Consolidation with Trial on the Merits. ECF No. 73. In response, Defendants requested that the parties complete additional steps "before trial to allow the parties sufficient time to gather evidence and to conserve judicial resources by narrowing the disputed issues necessitating resolution at trial." ECF No. 74 at 2–3. Defendants specifically noted that because Texas had yet to offer any declarations, Defendants did "not yet know the extent to which discovery will be required prior to trial." *Id.* at 3. Defendants did not and do not consent to consolidation with a trial on the merits. The Court subsequently set a November 28, 2023 trial date and accompanying pre-trial deadlines. ECF No. 75.

For the first time in this case, on November 1, 2023, Plaintiff served four declarations on Defendants. Three of those declarations—from Michael Meyer, Rebecca Waltz, and Susan Bricker—purport to estimate certain costs associated with various categories of immigrants, but without any asserted connection to the CMPP funds at issue in this case. *See* ECF Nos. 77-1, 77-2, 77-3. These declarations set forth a host of calculations the declarants assert accurately generate estimates of these immigration-related costs. Attached to the Bricker declarations were two exhibits. *See* ECF No. 77-3 at 7–14. The first exhibit is titled "Population-based Method for Estimating the Percentage of Undocumented Clients in Texas" and it appears to describe two different methodologies used by Texas in the last decade. *Id.* at 7–10. The second exhibit contains three pages of tables that appear to estimate the costs of various medical services over four calendar years. *Id.* at 11–14. The fourth declaration, from Henry De La Garza, offered future projections attempting to estimate certain

4

expenses that the Office of the Attorney General might incur in relation to the Pregnant Workers Fairness Act (PWFA). *See* ECF No. 77-4. Attached to this declaration was a spreadsheet titled "Estimated OAG Compliance Costs Related to the Pregnant Workers Fairness Act (PWFA)." *Id.* at 7. All of Plaintiff's declarants were entirely new to Defendants. None were cited or even named in the Plaintiff's pleadings or briefing. Because there has been no discovery in this case, these declarants had not appeared in initial disclosures or in written discovery. None of the four has been deposed in this matter.

Although Defendants agreed, in the interest of efficiency, not to object to admission of declarations on the grounds that they are hearsay, Defendants objected to the substance of these declarations as inadmissible. ECF No. 77. Specifically, Defendants argued that the immigration-related declarations were irrelevant because they lacked any factual nexus to the CMPP funds, and that the declaration related to the PWFA constituted conclusory opinion testimony lacking foundation. *Id.*[1]

Until two days ago, Defendants continued to prepare for trial with the understanding that there would be no live witnesses. As recently as a week ago, counsel for Plaintiff confirmed that "live witnesses will not be necessary for the upcoming November 28 bench trial." App001. Then two days ago, Plaintiff reversed course, claiming that it needed live witnesses should the Court grant Defendants' November 7 motion and strike Plaintiff's declarations. In response, Defendants

---

[1] Plaintiff filed objections to Defendants' declarations on November 7 as well. *See* ECF No. 78. Unlike Defendants' objections, which go to the foundation of Plaintiff's witnesses' declarations, whether the information they provide is relevant, and why that information should be excluded at trial, Plaintiff's objections, at most, pertain to the foundation of particular sentences and paragraphs of Defendants' declarations. Further, Plaintiff provides no explanation for its objections, asserting that, notwithstanding the Court's order, *see* ECF No. 75 at 1 ("Any objections to the admissibility of [the declarations exchanged on November 1] shall be filed by November 7, 2023."), none was due at that time, *see* ECF No. 78 at 1 n.1 ("[Texas] reserves the right to respond to Defendants' current motion to exclude (and any additional motions to exclude) on November 22, 2023.").

proposed a joint request to either re-set the original motions hearing, which would not require live witnesses, or to continue the trial for a short time to allow the Court to rule on the parties' objections to declarations and complete any necessary discovery of live witnesses. Plaintiff refused, asserting that discovery was unnecessary or that—despite the pending motion to dismiss, lack of initial disclosures, and lack of Rule 26(f) conference—it should have already occurred. Two days ago, Plaintiff confirmed its approach by filing a witness list including all four of the declarants that Plaintiff identified for the first time two weeks ago. ECF No. 82.

## ARGUMENT

### I.  If a Trial Will Be Held, Discovery Is Necessary to Prevent Unfair Prejudice to Defendants.

The new circumstances of this case require either that the trial be vacated and the motions hearing re-set, the newly-disclosed witnesses be excluded from trial, or the trial be continued to allow a brief period of discovery to avoid unfair prejudice to Defendants at trial. **First**, Plaintiff's about-face on live witnesses would lead to unfair surprise in virtually any trial setting. **Second**, those concerns are amplified by the unusual procedural posture of this case: consolidation of a hearing on a motion to dismiss and motion for a preliminary injunction with a trial on the merits, all before discovery or summary judgment briefing.

#### A.  Defendants Face Unfair Surprise at Trial Without Discovery.

Plaintiff's shift in position on live witnesses, which Defendants learned of two days ago, subjects Defendants to a near certainty of unfair surprise at trial, should it go forward on November 28. Trial is in twelve days. Unless the trial is re-set as a motions hearing, or the new witnesses are excluded, a brief period for discovery is necessary to avoid the surprises that will prejudice Defendants' right to a fair trial. Furthermore, allowing the declarations or live testimony to be considered at trial without an opportunity for discovery could prejudice the Defendants in any future appeals.

It is axiomatic that "trial by ambush is not contemplated by the Federal Rules of Civil

6

Procedure." *Woods on Behalf of Woods v. Int'l Harvester Co.*, 697 F.2d 635, 639 (5th Cir. 1983). Indeed, "[o]ne of the primary objectives of the discovery provisions embodied by the Federal Rules of Civil Procedure is elimination of surprise in civil trials." *Erskine v. Consol. Rail Corp.*, 814 F.2d 266, 272 (6th Cir. 1987). For these reasons, district courts are loath to deny discovery of trial witnesses, even in cases when discovery closed months earlier and the parties have had significant opportunity to develop the record. *See, e.g.*, *United States v. Humana, Inc.*, No. 318CV00061GNSCHL, 2023 WL 3168340, at *4 (W.D. Ky. Apr. 28, 2023) ("Given that the details of the Witnesses' trial testimony are unclear, the Court finds that to avoid surprise at trial Relator must be allowed the opportunity to examine the Witnesses about subject matter within their personal knowledge on which to cross examine or impeach them."); *Ramsay v. Carter*, No. 7:11-CV-140 HL, 2012 WL 4738680, at *1 (M.D. Ga. Oct. 3, 2012) ("Plaintiff will be allowed to add three witnesses to his witness list for trial . . . . If he deems it necessary, counsel for Defendant will be allowed to depose the witnesses."); *Bear, Stearns Funding, Inc. v. Interface Grp.-Nevada, Inc.*, No. 03 CIV.8259(CSH)(AJP), 2007 WL 4051179, at *1 (S.D.N.Y. Nov. 9, 2007) ("Judge Peck's Order . . . provided that a party may take the deposition of any trial witness listed by the other party who had not been previously deposed. The manifest purpose of those fair and sensible provisions was to assist counsel in preparing for trial and prevent unfair surprise."); *Common Cause/Georgia v. Billups*, No. 4:05-CV-0201-HLM, 2007 WL 9723990, at *2 (N.D. Ga. Aug. 15, 2007) ("[T]he Court agrees . . . that allowing Plaintiffs to preserve Dr. Hood's testimony for trial without first providing the State Defendants an opportunity to take a discovery deposition of Dr. Hood will unduly prejudice the State Defendants.").

Similarly here, if the trial is to go forward and there are to be live witnesses, Defendants must be afforded discovery to avoid trial by ambush. Defendants have had no opportunity to engage in discovery and are thus left to guess at what Plaintiff's live witnesses might have to say. The asymmetry of information is particularly prejudicial: As all four witnesses are employees of various Texas agencies

7

and departments, Plaintiff has had access to these individuals and the opportunity to understand and develop their testimony at least since the Complaint was filed. Defendants just learned of their existence two weeks ago, and, until two days ago, understood that they would not be called at trial.

Nor can Defendants rely on these witnesses' declarations for notice of their testimony. Because Defendants have agreed not to object to declarations on hearsay grounds, any additional live testimony from witnesses matching their own declarations would be cumulative. And if the Court grants Defendants' motion to exclude the declarations, live testimony of the same would be similarly inadmissible. Plaintiff must therefore be planning to elicit new testimony beyond the declarations.[2] But the flaws in these witnesses' declarations cannot be easily cured. The three declarations addressing general cost estimates related to immigration remain wholly disconnected from the CMPP funds at issue at this case, and as none of the three witnesses evidenced any knowledge of the CMPP program in their declarations, it is unlikely they would be able to bridge the gap. *See* ECF No. 77 at 2–4. And, with respect to Mr. De La Garza, given that he has omitted the information necessary to test his conclusory opinions regarding OAG's future costs related to the PWFA, there is no indication that he will be in a position to supply it at trial. *See id.* at 4–6. Even if he were able to, it is not clear why he should be permitted to do so: Allowing Plaintiff to prepare a deficient declaration and then supplement that declaration through trial testimony improperly affords Plaintiff two bites at the apple. Moreover, it does so in a way that hides the ball, leaving Defendants unable to adequately prepare for trial by withholding—in a case where there has been no discovery—key facts and opinions until trial itself. To the degree Plaintiff is allowed to try to cure these issues with live testimony, Defendants

---

[2] Even if these witnesses were limited to a bare recitation of the contents of their declarations, Defendants would still lack any meaningful opportunity to test their assertions through vigorous cross examination. As explained in Defendants' motion *in limine*, these declarations lack relevant foundation that would allow Defendants to understand their bases or relevance to this case. *See* ECF No. 77. Even in this circumstance, then, Defendants would need depositions if live testimony were permitted.

8

should at least be afforded depositions to discover how each witness intends to do so. Only depositions would adequately allow Defendants "the opportunity to examine the [w]itnesses about subject matter within their personal knowledge on which to cross examine or impeach them" at trial. *See Humana, Inc.*, 2023 WL 3168340, at *4.

### B. Defendants Will Suffer Prejudice from Rule 65(a) Consolidation Under the Circumstances.

Defendants' requested relief is especially warranted given the procedural posture of this case. Although Rule 65(a)(2) allows for consolidation with a trial on the merits in certain circumstances, that power is contingent on a lack of prejudice to the parties and an opportunity to fully develop their respective cases. Without a continuance and limited discovery period, Defendants will not be afforded that opportunity, and consolidation is no longer prudent.

As the Court recognized in its notice of consolidation, "[c]ourts have commonly required that the parties should normally receive clear and unambiguous notice of the court's intent to consolidate the trial and [preliminary injunction] hearing either before the hearing commences or at a time which will still afford the parties a full opportunity to present their respective cases." ECF No. 73 at 1 (quoting *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). Although the Court has now provided the parties notice, Texas's chosen path has stripped Defendants of "a full opportunity to present" their case. As then-Judge Stevens explained—in an opinion later cited by the Supreme Court in *Camenisch*, *see* 451 U.S. at 395—courts should take steps to ensure that consolidation does not prejudice the parties: "At times, particularly if the parties consent, if discovery has been concluded or if it is manifest that there is no occasion for discovery, consolidation may serve the interests of justice. But the parties should be given a clear opportunity to object, or to suggest special procedures, if a consolidation is to be ordered." *Pughsley v. 3750 Lake Shore Drive Co-op. Bldg.*, 463 F.2d 1055, 1057 (7th Cir. 1972).

Although district courts are afforded discretion over matters of discovery, the court "can abuse

9

its discretion if it denies discovery of facts necessary to a fair presentation of the case." *In re Depuy Orthopaedics, Inc. Pinnacle Hip Implant Prod. Liab. Litig.*, No. 3:11-MD-2244-K, 2015 WL 1071269, at *2 (N.D. Tex. Mar. 12, 2015) (citing *Duke v. Univ. of Texas at El Paso*, 729 F.2d 994, 997 (5th Cir. 1984)). In the analogous context of a Rule 56(d) motion to defer ruling on a summary judgment motion, the opposing party must show "that additional discovery will create a genuine issue of material fact," and that the party "diligently pursued discovery." *Bailey v. KS Mgmt. Servs., L.L.C.*, 35 F.4th 397, 401 (5th Cir. 2022). "Such motions are broadly favored and should be liberally granted." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006). Indeed, the Fifth Circuit has repeatedly held that it is reversible error to deny a proper Rule 56(d) motion. *Bailey*, 35 F.4th at 401 (holding that a Rule 56(d) movant averred that additional discovery would create a genuine fact dispute and that she diligently pursued discovery such that "the district court abused its discretion in holding otherwise"); *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir. 1999) ("When a party is not given a full and fair opportunity to discover information essential to its opposition to summary judgment, the limitation on discovery is reversible error.").

Allowing Plaintiff to put on live testimony beyond the substance of their declarations without giving Defendants an opportunity to explore and rebut that testimony through discovery would deprive Defendants of the "full opportunity to present their respective case[,]" which is an antecedent condition to consolidation under Rule 65(a)(2). That is especially true given the importance of these four witnesses. Indeed, they are the only four witnesses through which Plaintiff expects to prove its case, and the bulk of the evidence through which Plaintiff believes it can establish standing and the jurisdiction of the Court. Each of these witnesses would testify regarding disputed questions of fact central to the jurisdictional questions in this case (*e.g.*, whether and how Plaintiff has been harmed by the enactment of the PWFA or the appropriation of a third year of CMPP funds), and Defendants are entitled to discovery regarding such potential testimony under the Federal Rules of Civil Procedure.

*See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"). Allowing these witnesses to put on a one-sided, untested version of Plaintiff's alleged harm prejudices Defendant's right to a fair trial. Accordingly, the Court should either rescind its earlier consolidation notice, which rested in significant part on assurances of a trial free of live witness testimony, preclude the newly-disclosed witnesses from testifying at trial, or allow the discovery necessary to mitigate the prejudice Defendants would otherwise suffer due to Plaintiff's changed position on live witnesses.

II.     **Relief Is Necessary to Ensure Fair Resolution of the Case.**

Each of Defendants' requested solutions would be an appropriate use of the Court's discretion and would mitigate the impending prejudice to Defendants in this case.

First, just as the Court had the power to consolidate the preliminary injunction hearing with a trial on the merits, it is free to revisit its earlier consolidation determination if it finds that it is no longer prudent or fair under these changed circumstances. *See* Fed. R. Civ. P. 65(a)(2).

Second, it is similarly within the Court's discretion to exclude irrelevant and unsupported evidence. *See* Fed. R. Evid. 401; *see also Richardson v. Univ. of Texas at Austin*, 288 F. App'x 151, 153 (5th Cir. 2008) (affirming district court's exclusion of evidence that was "not relevant" and "speculate[d], without substantiation" as these were "adequate bases for exclusion"). And exclusion of both the declarations and the live testimony of these witnesses would be appropriate here given the arguments above and in Defendants' motion *in limine*. *See* ECF No. 77.

Finally, district courts have discretion to grant extensions of time for good cause. *See* Fed. R. Civ. P. 6(b)(1)(A) (stating that courts may grant an extension for good cause "if a request is made [] before the original time or its extension expires"). So long as the request is made prior to the expiration of the time limit at issue, courts may extend the time period for any reason. *See L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 524 (5th Cir. 2021). For the reasons explained above, if the

11

Court does not re-set the motions hearing or strike Plaintiff's witnesses, good cause exists for a three-week continuance of the trial to allow Defendants to prepare for Plaintiff's new live witnesses. Plaintiff's preliminary injunction motion has been pending since April, after Plaintiff filed that motion nearly two months after its Complaint; Plaintiff has no serious argument that three additional weeks (or more as the Court sees fit) will cause them undue harm. Nor is completing discovery in the next twelve days practical. Next week is Thanksgiving, and the parties are already in the midst of vigorous trial preparation.

Defendants have made reasonable concessions to move this case toward trial. Defendants agreed, for example, not to object to the admissibility of declarations on the basis that the declarations were hearsay, or to the admission of exhibits without a sponsoring witness. But Defendants cannot prepare for live testimony on critical, dispositive issues of disputed fact without discovery of those witnesses. And there are not enough days on the calendar for Defendants to prepare for and conduct four additional depositions under the circumstances. Even with an additional three weeks, Defendants will need to move quickly to complete the requested discovery. Therefore, to the extent the Court does not revisit its prior consolidation notice in light of the changed circumstances or strike Plaintiff's four witnesses, a continuance of at least three weeks is therefore necessary to allow Defendants to prepare for these depositions, take them, and review the transcripts for use at trial.[3]

---

[3] If the Court grants a continuance for discovery, Defendants request that the Court order Plaintiff to make their four witnesses available by December 8, 2023.

## CONCLUSION

For the foregoing reasons, Defendants request the Court either (1) reverse the consolidation with a trial on the merits and re-set a hearing on the pending motions, (2) strike Plaintiff's live witnesses, or (3) grant a three-week continuance of the trial date, and order that Defendants be permitted to promptly notice depositions of the four witnesses listed on Plaintiff's November 14, 2023 witness list.

## CERTIFICATE OF CONFERENCE

I certify that on November 14, 2023, counsel for the parties conferred regarding Plaintiffs' request for Defendants to withdraw their objections to Plaintiff's declarations and regarding the relief requested in this motion. Plaintiff opposes the relief requested in this motion.

Dated: November 16, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JOHN GRIFFITHS
Director, Federal Programs Branch

LESLEY FARBY
Assistant Branch Director

*/s/ Michael J. Gaffney*
MICHAEL J. GAFFNEY (D.C. Bar No. 1048531)
CLAYTON L. BAILEY (D.C. Bar No. 1644867)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel: (202) 514-2356
Fax: (202) 616-8470
Email: michael.j.gaffney@usdoj.gov

*Counsel for Defendants*

13

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2023, I electronically filed the foregoing paper with the Clerk of Court using this Court's CM/ECF system, which will notify all counsel of record of such filing.

> */s/ Michael J. Gaffney*
> MICHAEL J. GAFFNEY (D.C. Bar No. 1048531)
> Trial Attorney
> United States Department of Justice
> Civil Division, Federal Programs Branch
> 1100 L Street, N.W.
> Washington, D.C. 20005
> Tel: (202) 514-2356
> Fax: (202) 616-8470
> Email: michael.j.gaffney@usdoj.gov