UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| STATE OF TEXAS,<br>    *Plaintiff*,<br>v.<br>MERRICK GARLAND, *et al.*,<br>    *Defendants*. | No. 5:23-cv-34-H |

### TEXAS'S OPPOSITION TO DEFENDANTS' MOTION TO RE-SET THE MOTIONS HEARING, STRIKE PLAINTIFF'S FOUR WITNESSES, OR CONTINUE THE TRIAL

On October 24, 2023, this Court set pre-trial deadlines and a November 28, 2023 trial date. *See* ECF No. 75. The Court's pre-trial deadlines accounted for declarations, exhibits, and even live witnesses. *Id.* To date, Texas has complied with every deadline set by this Court.

Yet, Defendants want more time, more evidence, and more relief based on yet more unfounded arguments regarding Texas's forecasted evidence. They thus filed a motion that desires to strike the live witnesses properly included on Texas's witness list (much to Texas's surprise) and, alternatively, seeks to engage in fruitless discovery to delay (unnecessarily) the trial date set by this Court. *See* ECF No. 83.

Defendants' requests lack merit for three reasons. *First*, striking Texas's properly identified live witnesses is unmerited because Defendants face no surprise or prejudice—much less, unfair surprise or prejudice. *Second*, discovery is unnecessary and wasteful because this Court's pre-trial scheduling order provides a sufficient amount of time for the parties to present their case at trial. *Third*, and finally, any continuance would unnecessarily delay the resolution of this case. Accordingly, this Court should deny Defendants' motion.

#### ARGUMENT

I. **Striking Texas's Properly Identified Live Witnesses is Wrong Because Defendants Face No Unfair Surprise or Prejudice.**

Contra Defendants' allegations, *see* ECF No. 83 at 6–9, Defendants face no unfair surprise or prejudice from Texas's potential presentation of live witnesses. True, Defendants highlight the fact that they have been preparing for trial "with the understanding that there would be no live witnesses," ECF No. 83 at 5, but they omit context. Indeed, they omit the fact that Texas has been preparing for trial with the understanding that Defendants did not have any objections to the admissibility of any of its declarations, and they omit that it was not until Defendants filed a motion to exclude every single one of Texas's declaration that Texas learned Defendants had *any* such objections. After all, Defendants previously acknowledged this understanding when they admitted that the parties were discussing "whether [the parties] could agree now not to challenge declarations on hearsay *or other grounds*." Exhibit 1, October 23, 2023 Email from Michael Gaffney (emphasis added).

Moreover, consistent with this understanding between the parties, the Defendants indicated on November 7, 2023 that, "for now," they "would be willing to agree that the parties do not need sponsoring witnesses to introduce any documents (including declarations) at the November 28 trial." *See* Exhibit 2, November 7, 2023 Email from Michael Gaffney. Notably, that same email also stated that Defendants "remain interested in discussing [the need for live witnesses] and would be happy to do that before [the parties' exhibit and witness list] deadlines." *See* Exhibit 2, November 7, 2023 Email from Michael Gaffney.

Thus, in light of the parties' previous discussions and Defendants' "for now" language, Texas had the impression that Defendants had no objections to Texas's declarations and thus responded that "live witnesses will not be necessary for the upcoming November 28 bench trial." *See* ECF No. 83-1. And pursuant to Defendants' stated interest in further discussions of the need for live witnesses, Texas subsequently reached out to Defendants on that topic, and Defendants

agreed to further discuss the need for live witnesses. *See* Exhibit 3, November 14, 2023 Email from Clayton Bailey.

During these discussions, Texas indicated its intention to potentially present live witnesses, and Defendants only indicated an intention to potentially ask for a continuance. At no point during these discussions did Defendants ever object to Texas's potential use of live witnesses, nor did it forecast any desire to go so far as to strike any such live witnesses Texas included in its witness list. *See* Exhibit 3, November 14, 2023 Email from Clayton Bailey. Indeed, until yesterday, Defendants again conveniently omit in their motion that Defendants had never objected to this Court's thoughtful and exhaustive pre-trial scheduling order on the grounds that it is theoretically possible for it to cause prejudice, and they never even objected to the fact that this Court already anticipated the potential need for the parties to present live witnesses at trial. *See* ECF No. 75 (stating that the parties' witness lists "shall identify any witness that the [party] seeks to call for live testimony at trial"). Thus, any live witnesses listed by Texas are anything but a surprise. And if Defendants' objections to Texas's forecasted evidence are as "valid" as Defendants perceive—they're not—then no prejudice results because they would "not be prejudiced by proceeding to the merits" and having the Court "rule in [their] favor and dismiss the case for lack of standing." *See Brown v. U.S. Dep't of Educ.*, 640 F. Supp. 3d 644, 657 (N.D. Tex. 2022).

Moreover, their argument that "[o]nly depositions would adequately allow Defendants 'the opportunity to examine the [w]itnesses about subject matter within their personal knowledge on which to cross examine or impeach them' at trial" lacks merit. *See* ECF No. 83 at 9. Indeed, contra Defendant's allegations, *see* ECF No. 83 at 7, Defendants do not have "to guess at what Plaintiff's live witnesses might have to say" because, as Defendants acknowledge, every live witness included on Texas's witness list has already submitted a declaration in this case that forecasts the subject and topic of their testimony. And if, for some reason, an unexpected piece of information arises during the live testimony of one of Texas's witnesses, then this Court has the discretion to take a recess and allow Defendants sufficient time to prepare any necessary cross-examination based on

new information, if any. This solution presents no prejudice. Accordingly, Defendants' arguments fail, and striking Texas's live witnesses is unmerited.

## II.     Discovery is Unnecessary and Wasteful Because This Court's Pre-Trial Scheduling Order Provides an Adequate Amount of Time for the Parties to Prepare for Trial.

Not only is Defendants' request to strike Texas's witnesses wrong, but discovery is also fruitless and unmerited because Defendants do not face a trial by ambush and do not suffer the risk of unfair surprise or prejudice from Texas's potential presentation of live witnesses. Indeed, this Court recognized that "the parties' filings demonstrate that there is little factual dispute in this case *and that no discovery is needed*." ECF No. 73 at 2 (emphasis added). This Court then provided the parties "additional time to gather evidence for the trial on the merits" by allowing the parties to file a joint motion for continuance, *see* ECF No. 73, and per Defendants' request, this Court continued the trial date until November 28, giving the parties more than enough time to present their evidence and arguments fully and persuasively. *See* ECF No. 75.

Now, four weeks later, and at the eleventh hour, Defendants want even more time. And despite their desire to engage in discovery, they offer this Court and Texas no guidance as to what discovery would even been needed should this Court grant their motion. Therefore, they entirely fail to allege what information they would need to "mitigate the impending prejudice to Defendants in this case." ECF No. 83. They have thus failed to meet their burden that discovery is truly necessary or even somewhat beneficial.

## III.    Any Continuance Would Unnecessarily Delay the Resolution of this Case.

Lastly, while Defendants argue that "good cause exists for a three-week continuance of the trial" to prepare for Texas's live witnesses, ECF No. 83 at 11–12, they neglect to mention that this Court's pre-trial scheduling order already accounted for the parties calling any live witnesses for the November 28 trial date. *See* ECF No. 75. Even worse, Defendants neglect to mention that the Court's order also planned for motions to exclude, any response motions, and thus, any consequences of those motions. *See* ECF No. 75. Thus, the parties have had adequate time to prepare for trial and for consequences that any motions to exclude might have on trial.

Further, given the "little factual dispute," *see* ECF No. 73 at 2, the parties likely understand the universe of factual and legal assertions that will arise at trial, Therefore, regardless of whether the parties' motions to exclude are granted or denied, Texas remains opposed to any continuance and any trial depositions because any continuance would unnecessarily delay this matter yet again and any trial deposition would not reveal any new information. Accordingly, Texas firmly opposes Defendants' proposals as another attempt to procrastinate.

## Conclusion

For these reasons, the Court should deny Defendants' motion to re-set the motion hearing, strike Texas's live witnesses, and continue the trial date.

Dated November 17, 2023.

Ken Paxton
Attorney General

Brent Webster
First Assistant Attorney General

Grant Dorfman
Deputy First Assistant Attorney General

Ralph Molina
Deputy Attorney General for Legal Strategy

Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2100

Texas Public Policy Foundation
901 Congress Ave.
Austin, Texas 78701
(512) 472-2700

Respectfully submitted.

Ryan Walters
Chief, Special Litigation Division
Texas Bar No. 240105085

*/s/ Ethan Szumanski*
Ethan Szumanski
Special Counsel
Texas Bar No. 24123966
ethan.szumanski@oag.texas.gov

Robert Henneke
Texas Bar No. 24026058
rhenneke@texaspolicy.com

Chance Weldon
Texas Bar No. 24076767

    cweldon@texaspolicy.com

MATTHEW MILLER
Texas Bar No. 24046444
mmiller@texaspolicy.com

NATE CURTISI
Arizona Bar No. 033342
ncurtisi@texaspolicy.com

**COUNSEL FOR THE STATE OF TEXAS**

## Certificate of Service

I certify that on November 17, 2023, these objections were filed through the Court's CM/ECF system, which served it upon all counsel of record.

*/s/ Ethan Szumanski*
ETHAN SZUMANSKI