UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

STATE OF TEXAS,

    Plaintiff,

v.

MERRICK GARLAND, in his official capacity as Attorney General, et al.,

    Defendants.

No. 5:23-CV-034-H

## ORDER

Before the Court is the defendants' Motion to Re-Set the Motions Hearing, Strike Plaintiff's Four Witnesses, or Continue the Trial. Dkt. No. 83. Texas has filed a response in opposition. Dkt. No. 87. The Court, finding good cause, grants the motion in part and continues the dates for the final pretrial conference and trial. A final pretrial conference shall be held telephonically on January 17, 2024, at 9:30 a.m, and trial will begin on January 22, 2024, at 9:00 a.m. in the United States District Court, Courtroom C-216, 1205 Texas Avenue, Lubbock, Texas. The plaintiff shall make the four witnesses listed on its witness list (Dkt. No. 82) available for the defendants to depose by December 15, 2023. The defendants shall file any motion to exclude the plaintiff's witnesses by December 29, 2023. The plaintiff shall file any response by January 10, 2024. All other deadlines from the Court's previous scheduling order (Dkt. No. 75) remain unchanged.

On October 20, 2023, the Court entered an Order consolidating the hearing on the plaintiff's motion for a preliminary injunction with a trial on the merits. Dkt. No. 73. At the time, based on the parties' representations at the telephonic conference and their filings, the Court believed "that there [was] little factual dispute in this case and that no discovery

[was] needed." *Id.* at 2. Both the plaintiff and the defendants had indicated that they planned to rely on declarations and would not need witnesses or exhibits. *Id.* The parties agreed that there is no factual dispute about the merits of the case, although some factual development through declarations was needed regarding whether Texas has standing. *See* Dkt. No. 87-1 at 1–2, 7–8. Nevertheless, the Court understood that consolidating the motions hearing to a trial on the merits could result in a change in circumstances, and, following a joint request, it granted the parties a month-long continuance and an opportunity to file witness and exhibit lists. Dkt. Nos. 74; 75.

As the defendants' motion makes clear, the circumstances underlying the Court's decision to set trial for November 28, 2023 have changed. *See* Dkt. No. 83. The parties anticipated being able to proceed based solely on declarations, but the defendants have now moved to strike large portions of the plaintiffs' proposed declarations. As a result, the plaintiff has indicated that it may present up to four witnesses at trial. Until that filing, the defendants were under the impression that no live witnesses would testify based on the plaintiff's prior representations. *See* Dkt. Nos. 82; 83; 84. As a result, the defendants claim they lack sufficient time to depose these witnesses and fear that they face a "trial-by-ambush." Dkt. No. 83 at 5–9. They argue that they will not be afforded an adequate opportunity to develop their case and would therefore be prejudiced in the absence of a continuance. *Id.* at 9–11.

In this context, while the ultimate factual dispute is limited to standing, the Court finds that the defendants have shown good cause for an extension. Substantial evidentiary fights have arisen. Dkt. Nos. 77; 78. Unlike declarations, where both sides know in advance the testimony at issue and can prepare accordingly, potential witness testimony can

vary, placing the defendants in the position where new information could be revealed at trial when they would have little opportunity to respond and offer contrary evidence.

Accordingly, the Court resets the deadlines for the trial as follows:

1. A Final Pretrial Conference shall be held telephonically on January 17, 2024, at 9:30 a.m. Dial-in information will be disseminated by email to the parties' counsel. At the hearing, the Court plans to address the parties' motions to exclude, objections to evidence, and pre-mark and pre-admit exhibits. Prior to the pretrial conference, the parties should confer and attempt to agree to the admissibility of exhibits where possible.

2. Trial shall begin on January 22, 2024, at 9:00 a.m. in the United States District Court, Courtroom C-216, 1205 Texas Avenue, Lubbock, Texas.

3. The plaintiff shall make the four witnesses listed on its witness list (Dkt. No. 82) available for the defendants to depose by December 22, 2023. Given the limited scope of the plaintiff's proposed declarations, each deposition is limited to no more than four hours.

4. The defendants shall file any motion to exclude the plaintiff's witnesses by December 29, 2023. The plaintiff shall file any response by January 10, 2024.

5. All other deadlines from the Court's prior scheduling Order (Dkt. No. 75) remain unchanged.

Finally, the Court notes that neither side has demanded a jury. Thus, it is the Court's understanding that the parties prefer to proceed with a bench trial. Any jury demand must be filed no later than November 27, 2023.

So ordered on November 20, 2023.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE