UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

|  |  |
|---|---|
| STATE OF TEXAS,<br>    *Plaintiff*,<br>v.<br>MERRICK GARLAND, *et al.*,<br>    *Defendants.* | No. 5:23-cv-34-H |

### TEXAS'S MOTION TO EXCLUDE DEFENDANTS' EXHIBITS 2, 3, 4, 7, 8, 11, AND 15

On October 24, 2023, this Court ordered the parties to file any motions to exclude evidence or witnesses by November 20, 2023, *see* ECF No. 75. Then, on November 20, 2023, this Court extended the several pre-trial deadlines and the trial date and stated that "[a]ll other deadlines . . . remain unchanged." ECF No. 91. Given that one of those "other deadlines" is Texas's deadline to file a motion to exclude any evidence, *see* ECF No. 75; ECF No. 91, Texas hereby files a motion to exclude Defendants' Exhibits 2, 3, 4, 7, 8, 11, and 15.

### ARGUMENT

**I.  Defendants' Exhibits 3, 7, and 15 Are Irrelevant.**

This Court should exclude Defendants' Exhibits 3, 7, and 15 as inadmissible because they are irrelevant to the present case. Generally, evidence must be relevant for it to be admissible. Fed. R. Evid. 402. Evidence is relevant when two elements exist: (1) the evidence "has any tendency to make a fact more or less probable than it would be without the evidence," and (2) that fact "is of consequence in determining the action." Fed. R. Evid. 401.

Here, Defendants' exhibits are irrelevant because they do not have any tendency to make a fact of consequence more or less probable. *First*, Defendants' Exhibit 3 (*i.e.*, the Second Declaration of Ms. Kelly Kinneen) and Defendants' Exhibit 15 (*i.e.*, the First Declaration of Kelly Kinneen) are irrelevant because they speak to facts that have no bearing on the outcome of this

case or even the portions of the Consolidated Appropriations Act of 2023 ("the Act") that Texas challenges, and they answer no questions that this Court posed in its October 20, 2023 Notice of Consolidation. *See* ECF No. 73. For example, paragraphs 4 through 10 of Defendants' Exhibit 3 discuss some funding portions of the Act that may or may not expire by the end of Fiscal Year for 2023, but these paragraphs do not describe when the funds for the Case Management Pilot Program ("CMPP) expire: the only funding portion of the Act that Texas challenges in the present matter. *See* Ex. B at ¶¶ 4–10. Likewise, paragraphs 4 through 5 of Defendants' Exhibit 15 discuss various discrete appropriations bills that touch on diverse topics with no relevance or relation to the CMMP program Texas challenges in this matter. *See* Ex. G at ¶¶ 4–5. Moreover, other paragraphs in these declarations speculate on the consequences of an injunction against the *entire* Act, not the consequences of barring implementation of the challenged portions of the Act. *See* Ex. B at ¶¶ 11–14; Ex. G at ¶¶ 19–24, 27–30. But Texas has made clear that it does not seek an injunction against the *entire* Act; it only seeks to bar the Defendants from "enforcing the Act's amendments to Title VII against Texas and spending money on the pilot program." *See* ECF No. 61 at 23. Therefore, because Defendants' Exhibit 3 and Defendants' Exhibit 15 relate to facts that are of no consequence to Texas's claims in this case, they are irrelevant.

*Second*, Defendants' Exhibit 7 (*i.e.*, the Declaration of Sean Dandridge) is irrelevant because it has no bearing on this case and does not have updated information. Indeed, according to Defendants' Exhibit 7, Mr. Dandridge works for the Enforcement and Removal Operations ("ERO") for the U.S. Immigration and Customs Enforcement ("ICE"), and even though "CMPP participants' immigration cases remain under ICE ERO supervision," he admits that "ICE ERO does not have any oversight over CMPP"—a challenged portion of the Act in this matter. *See* Ex. D at ¶¶ 1, 5–6. Thus, the information in Defendants' Exhibit 7 is not tied to Texas's challenges against the CMPP funds at issue in this case, and it does not answer any of the questions this Court asked in its October 20, 2023 order. *See* ECF No. 73. Hence, as Defendants have themselves

recognized in their objections to Texas's Exhibits,[1] such evidence is irrelevant because it does not relate to a fact of consequence in this case—much less, make that fact more or less probable.

## II. Defendants' Exhibits 7, 8, 11, and 15 Are Needlessly Cumulative.

In addition to irrelevance, this Court should exclude several of Defendants' exhibits as needlessly cumulative. Even if evidence is relevant, courts may still exclude it "if its probative value is substantially outweighed by a danger of . . . needlessly presenting cumulative evidence," among other things. Fed. R. Evid. 403. Evidence may be cumulative because it is "identical" or has a "similarity" to other evidence. *See Wright v. Admin. Rev. Bd., United States Dep't of Lab.*, 836 F. App'x 248, 253 (5th Cir. 2020) (determining that district judge did not abuse its discretion denying admission of exhibits that were identical or similar to other previously admitted exhibits).

Here, Defendants' Exhibits 7, 8, 11, and 15 are needlessly cumulative because they are almost identical and extremely similar to the information provided in other declarations, and that redundancy substantially outweighs the minimal probative value such evidence provides. *First*, Defendants' Exhibit 7 is needlessly cumulative because it provides littles probative value outside of its explanation that "ICE ERO's involvement in CMPP is limited to providing CRCL with a list of potential participants from which CRCL draws to enroll individuals in the program." Ex. D ¶ 5. And tellingly, that assertion merely repeats Defendants' Exhibit 11 (*i.e.*, the First Declaration of Peter Mina), which declares that "ICE provides the names of eligible participants to CRCL via an encrypted process solely for the purpose of the participants' enrollment in CMPP." *See* Ex. F at ¶ 11. Because most of the probative value found in Defendants' Exhibit 7 is merely repeated information from Defendants' Exhibit 11, the cumulative nature of Defendants' Exhibit 7 substantially outweighs any of its limited probative value. Therefore, Defendants' Exhibit 7 is needlessly cumulative.

*Second*, Defendants' Exhibit 8 is needlessly cumulative because, when it summarizes how the funds for CMPP are administered, *see* Ex. E at ¶¶ 5–13, it is simply repacking and repeated the

---

[1] *See* ECF No. 92 (objecting that an exhibit is irrelevant when "the information is not tied to CMPP funds").

same general information as Defendants Exhibit 11, *see* Ex. G at ¶¶ 3–13 (summarizing how funds for the CMPP are implemented and obligated). And because of its similarity to Defendants' Exhibit 11, Defendants' Exhibit 8 is needlessly cumulative.

*Third*, Defendants' Exhibit 11 and Defendants Exhibit 15 are needlessly cumulative because, outside of some minor updates to the information, these declarations represent the same declarants discussing the same information. For example, Defendants' Exhibit 11 was signed and executed by the same declarant as Defendants' Exhibit 4 and generally explains how the funding and administration for the CMPP program works—just like Defendants' Exhibit 4. *Compare* Ex. G *with* Ex. C. The only real distinction between the two declarations is how current the information is—especially given that Defendants' Exhibit 11 was executed and signed five months before Defendants' Exhibit 4. *Compare* Ex. F *with* Ex. C. Thus, Defendants' Exhibit 11 is needlessly cumulative with Defendants' Exhibit 4, and that unnecessary repetitiveness substantially outweighs the probative value of Defendants' Exhibit 11.

*Fourth*, and finally, Defendants' Exhibit 15 is needlessly cumulative because it represents the same general information from the same declarant that reaches the same general opinions. Indeed, both Defendants' Exhibit 15 and Defendants' Exhibit 3 generally allege how an injunction against the entire Act "would present unprecedented challenges and disruptions." Ex. G at ¶ 3; Ex. B at ¶ 3. The only difference between Defendants' Exhibit 15 that Defendants' Exhibit 3 is that Defendants' Exhibit 15 contains out of date information as it was signed and executed by the same declarant five months before Defendants' Exhibit 3. *Compare* Ex. G *with* Ex. B. Therefore, because Defendants' Exhibit 3 is merely an updated version of Defendants' Exhibit 15, Defendants' Exhibit 15 is needlessly cumulative.

### III. Defendants' Exhibits 2, 3, 4, and 15 Constitute Improper Legal Conclusions and Improper Opinions.

This Court should further exclude Defendants' Exhibits 2, 3, 4, and 15 on the grounds that they constitute improper legal conclusions and improper speculative opinions. In general, a witness may testify to matters that are (1) "rationally based on the witness's perception;" (2) "helpful to

clearly understanding the witness's testimony or to determining a fact in issue; and (3) "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. A witness may also testify to a matter only if "the witness has personal knowledge of the matter." Fed. R. Evid. 602. Thus, "under Rule 704(a), testimony that amounts to a legal conclusion is improper." *United States v. Keys*, 747 F. App'x 198, 207 (5th Cir. 2018) (citing *United States v. Williams*, 343 F.3d 423, 435 (5th Cir. 2003)). And in general, "a non-expert witness may not offer legal conclusions." *United States v. Espino-Rangel*, 500 F.3d 398, 400 (5th Cir. 2007) (emphasis omitted).

Here, several of Defendants' exhibits fall outside of that permissible scope of witness testimony because they attempt to make legal conclusions or speculate about the future. *First*, Defendants' Exhibit 2 (*i.e.*, the Declaration of Carol Miaskoff) constitutes an improper opinion, an improper legal conclusion, and a speculative declaration because it attempts to opine—without foundation—what the Pregnant Workers Fairness Act was "intended to address;" it provides no foundation or personal knowledge for its speculative assertion that "[m]any of the accommodations that workers will seek under the PWFA will be simple, like additional bathroom breaks or the ability to carry water with them while working;" it speculates that "the EEOC expects [such accommodations] will be granted easily and quickly;" and it further speculates that "the PWFA may reduce litigation costs by bringing greater certainty and allowing parties to avoid costly discovery." *See* Ex. A at ¶¶ 5–6, 15. The speculative nature of these allegations becomes clear when Defendants' Exhibit 2 also declares that "there is relatively little data on how many pregnant workers will require an accommodation or what the cost of a particular accommodation may be." *See* Ex. A at ¶ 13. Thus, Defendants' Exhibit 2 should be excluded on the grounds that it constitutes and improper opinion.

*Second*, Defendants' Exhibit 3 and Defendants' Exhibit 15 contain improper legal conclusions, improper opinion, and speculative assertions. For instance, both Defendants' Exhibit 3 and Defendants' Exhibit 15 conclude that Texas's requested relief "would present unprecedented challenges and disruptions." Ex. G at ¶ 3; Ex. B at ¶ 3. Defendants' Exhibit 3 specifically concludes

5

that "a judicial order that has the effect of precluding implementation of the entire 2023 Act would present enormous challenges and complications;" that "[a]n order that has the effect of precluding enforcement of the entire 2023 Act would also require the Federal government to cease performance and payments on the thousands of obligations already made with funds from the 2023 Act that have not yet been expended;" and that "[s]uch an occurrence would have consequences for all of the parties to whom those funds have been obligated." *See* Ex. B at ¶¶ 3, 11–13. Similarly, Defendants' Exhibit 15 alleges that "[a]n injunction precluding enforcement of the entire 2023 Act would present unprecedented challenges and complications;" that "[i]t would result in an immediate laps of all FY 2023 appropriations in the Act;" that "Federal agency operations would be forced to shut down absent immediate Congressional action;" that "[i]n the event of an injunction against the entire 2023 Act, agencies would generally have to cease performance and payments on the thousands of obligations that agencies have already entered into in reliance on the budget authority provided in the 2023 Act;" and that "[v]arious entities likely have taken significant actions in reliance on the 2023 Act." *See* Ex. G at ¶¶ 23–25.

Importantly, however, all these allegations and conclusions in Defendants' Exhibit 3 and Defendants' Exhibit 15 are an attempt to engage in legal conclusions on the balance of the equity factors, and they merely speculate as to theoretical future possibilities without some indication that such possibilities have even played out in the past. After all, Defendants' Exhibit 15 explicitly states that such a lapse "would be the first ever lapse in appropriations part-way through the implementation of an appropriations act that provided funding for the entire fiscal year." *See* Ex. G at ¶ 23. And because "[p]redicting future . . . costs does require a specialized knowledge[] and is therefore impermissible lay testimony," *Pendarvis v. Am. Bankers Ins. Co. of Fla.*, 354 F. App'x 866, 869 n.3 (5th Cir. 2009), this Court should exclude Defendants' Exhibit 3 and Defendants' Exhibit 15 as improper law opinion. Further, should Defendants attempt to offer Ms. Kinneen's opinions as expert opinions, this Court should exclude it because there would be a total lack of disclosure as required by Fed. R. Civ. P. 26(b), and the declaration includes no valid methodology

that would support admissibility under Fed. R. Evid. 702. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 593 (1993).

## Conclusion

For these reasons, the Court should exclude Defendants' exhibits 2, 3, 4, 7, 8, 11, and 15 on the grounds that they are inadmissible under the Federal Rules of Evidence.

Dated November 20, 2023.

Ken Paxton
Attorney General

Brent Webster
First Assistant Attorney General

Grant Dorfman
Deputy First Assistant Attorney General

Ralph Molina
Deputy Attorney General for Legal Strategy

Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2100

Texas Public Policy Foundation
901 Congress Ave.
Austin, Texas 78701
(512) 472-2700

Respectfully submitted.

Ryan Walters
Chief, Special Litigation Division
Texas Bar No. 240105085

*/s/ Ethan Szumanski*
Ethan Szumanski
Special Counsel
Texas Bar No. 24123966
ethan.szumanski@oag.texas.gov

Robert Henneke
Texas Bar No. 24026058
rhenneke@texaspolicy.com

Chance Weldon
Texas Bar No. 24076767
cweldon@texaspolicy.com

Matthew Miller
Texas Bar No. 24046444
mmiller@texaspolicy.com

> Nate Curtisi
> Arizona Bar No. 033342
> ncurtisi@texaspolicy.com
>
> **Counsel for the State of Texas**

## Certificate of Service

I certify that on November 20, 2023, this motion to exclude was filed through the Court's CM/ECF system, which served it upon all counsel of record.

> */s/ Ethan Szumanski*
> Ethan Szumanski