UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

STATE OF TEXAS,

    *Plaintiff,*

v.

MERRICK GARLAND, *et al.*,

    *Defendants.*

No. 5:23-cv-34-H

**TEXAS'S MOTION TO EXCLUDE DEFENDANTS' EXHIBITS 2, 3, 4, 7, 8, 11, AND 15**

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

DEFENDANTS'
EXHIBIT

DX-003

**STATE OF TEXAS**,

Plaintiff,

v.

**MERRICK GARLAND**, in his official capacity as
Attorney General, *et al.*,

Defendants.

Case No. 5:23-cv-00034-H

## SECOND DECLARATION OF KELLY KINNEEN

I, Kelly Kinneen, make the following declaration based upon my personal knowledge, upon
information provided in my official capacity, and upon conclusions I reached based on that
knowledge or information:

1.  I am the Assistant Director for Budget of the Office of Management and Budget (OMB) in
    the Executive Office of the President (EOP), in Washington, D.C.  I have served in this
    position since 2017, and have worked at OMB since 2006.  In connection with this matter, I
    previously executed a declaration dated May 4, 2023.  *See* Declaration of Kelly Kinneen (May
    4, 2023) ("May 4 Decl."), ECF No. 56.

2.  I am the senior-most career official responsible for supporting the OMB Director in
    developing all aspects of the President's Budget.  Additionally, I advise OMB leadership and
    Federal agencies on questions relating to implementing laws that provide funding to the
    Federal government, including annual appropriations acts.

3.  The purpose of this declaration is to provide information regarding why any ruling that has
    the effect of precluding implementation of the entire Consolidated Appropriations Act,
    2023, Public Law 117-328 (the "Act" or the "2023 Act"), would present unprecedented
    challenges and disruptions, notwithstanding that Fiscal Year (FY) 2023 has ended.  Although

1

FY 2023 ended on September 30, 2023, a significant number of the consequences described in my declaration of May 4, 2023 would still occur if the Federal government were precluded from implementing the entire Act. *See* May 4 Decl. ¶¶ 23-30.

4.    The 2023 Act provided approximately $3 trillion of budget authority for FY 2023. *See* May 4 Decl. ¶ 10. Approximately half of those funds—or approximately $1.5 trillion—could be obligated only in FY 2023 (and thus could no longer be obligated after September 30, 2023), while the remaining half were "multi-year" or "no year" funds that remain available for obligation beyond FY 2023.

5.    In addition to the funds appropriated for use beginning in FY 2023, the 2023 Act provided approximately $680 billion in advance appropriations and indefinite budget authority that could not be obligated until FY 2024 or later. For example, the Department of Veterans Affairs received advance appropriations of $128.1 billion for fiscal year 2024.

6.    Thus, nearly $2.2 trillion ($1.5 trillion + $680 billion) in budget authority appropriated by the Act did not expire on September 30, 2023. Depending on the terms of the particular appropriation, those funds will remain available for another year, for several years, or indefinitely.

7.    Of the $1.5 trillion in unexpired funds appropriated for use beginning in FY 2023 by the 2023 Act, $500 billion was provided for grants to states for Medicaid in the Department of Health and Human Services. Approximately $15 billion of that amount has not yet been expended, of which $1.15 billion would be for the State of Texas.

8.    Because OMB collects agency budget execution reporting by fiscal year and type of budget authority provided, rather than by individual appropriations acts, OMB does not have complete information on how much of the remaining approximately $1 trillion in unexpired funds appropriated for use beginning in FY 2023 has been obligated. However, for $168

DX3-0002

billion of the unexpired funds, OMB is able to determine whether they have been obligated. Of these $168 billion, approximately 30 percent has yet to be obligated. These unobligated funds include $4.2 billion in the Department of Veterans Affairs' Cost of War Toxic Exposure Fund, $5.1 billion for the State Department's Global Health Program, $3.2 billion in the Department of Defense's Military Construction account for the Navy and Marine Corps, $5.1 billion for Aircraft Procurement account for the Navy, and $3.4 billion for Department of Housing and Urban Development Homeless Assistance Grants.

9.    The vast majority of the $680 billion in advance appropriations and indefinite budget authority that the 2023 Act appropriated for use in FY 2024 or later has not yet been obligated.

10.   Even for funds that were available for obligation only in FY 2023 and thus have expired, a significant amount have not yet been expended (or "outlayed"), despite being obligated. Agencies have five years to outlay expired funds that were obligated—here, until September 30, 2028.

11.   Given the above facts, notwithstanding that FY 2023 has ended, a judicial order that has the effect of precluding implementation of the entire 2023 Act would present enormous challenges and complications.

12.   To the extent that agency operations and programs are being funded with money made available by the 2023 Act that has not expired, those operations would have to immediately cease if an order has the effect of precluding enforcement of the entire 2023 Act. The result would be a partial government shutdown, in which agencies would have to go program-by-program to determine which operations could continue and which must end.

13.   An order that has the effect of precluding enforcement of the entire 2023 Act would also require the Federal government to cease performance and payments on the thousands of

3

DX3-0003

obligations already made with funds from the 2023 Act that have not yet been expended. Such an occurrence would have consequences for all of the parties to whom those funds have been obligated, including in the private sector, state and local governments, and foreign governments. *See* May 4 Decl. ¶ 25.

14. Public and private entities within the State of Texas were also recipients of billions of dollars of funds provided by the 2023 Act. Of the examples listed in paragraphs 27-29 in my May 4 Declaration, the Act made approximately 91% of this funding available for obligation beyond the end of FY 2023. In other words, approximately $9.6 billion of the more than $10.5 billion appropriated to the Texas-based entities and programs described in these three paragraphs, *see* May 4 Decl. ¶¶ 27-29, were not required to be obligated by the end of FY 2023.

## CONCLUSION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed in Washington, D.C., on the 1st day of November, 2023.

Kelly Kinnean

4

DX3-0004