IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **STATE OF TEXAS**, <br><br> Plaintiff, <br><br> v. <br><br> **MERRICK GARLAND**, in his official capacity as Attorney General, *et al.*, <br><br> Defendants. | Case No. 5:23-cv-00034-H |

**DEFENDANTS' RESPONSE IN OPPOSITION TO TEXAS'S MOTION TO EXCLUDE DEFENDANTS' EXHIBITS 2, 3, 4, 7, 8, 11, AND 15**

Pursuant to the Court's Order on October 24, 2023, ECF No. 75, Defendants submit the following responses to Plaintiff's Motion to Exclude Defendants' Exhibits, ECF No. 93 ("Plf. Mot."), and Plaintiff's Objections to Defendants' Declarations, ECF No. 78.[1]

**I.     Defendants' Declarations (Exs. 3, 7, 15) Are Relevant.**

**A.     Kinneen Declarations (Exs. 3, 15)**

Plaintiff first objects on relevance grounds to two declarations submitted by Kelly Kinneen, Assistant Director for Budget of the Office of Management and Budget (OMB) in the Executive Office of the President. Plf. Mot., Ex. B ¶ 1. Ms. Kinneen offers an overview of the breadth of the Consolidated Appropriations Act, 2023 (the "Act"), including its "approximately $3 trillion of budget authority for FY 2023," and the potential consequences of an "order that has the effect of precluding enforcement of the entire 2023 Act." *See* Plf. Mot., Ex. B ¶¶ 4, 13. Ms. Kinneen's declarations are relevant to whether the balance of the equities and the public interest favor issuance of the equitable relief that Plaintiff requests. Although Plaintiff states that "it does not seek an injunction against the

---

[1] Plaintiff's motion and objections should be denied in full. To the degree the Court believes any portion of any of Defendants' declarations to be objectionable, the Court should exclude only the objectionable portion, rather than the entire declaration.

1

entire act," Plf. Mot. at 2; *contra* ECF No. 37-1 (proposed order seeking injunction of the entire act), and notwithstanding that Plaintiff has only attempted to demonstrate standing to seek relief related to the PWFA and CMPP, *see* Plf. Mot. at 2 (conceding that other provisions of the Act referenced in Ms. Kinneen's declarations are "of no consequence to Texas's claims"), the precise reach of Plaintiff's requested declaratory relief remains unclear, *see* ECF No. 4, Prayer for Relief ¶ 1 (requesting that the Court declare the entire act unlawful). To the extent the Court concludes or Texas stipulates, prior to trial, that if Texas were to prevail on its claims, Texas is entitled, at most, to injunctive or declaratory relief that is limited to the Act's PWFA and CMPP provisions, these declarations may not be necessary.[2] But so long as there is any possibility that Plaintiff would seek, or the Court would consider issuing, declaratory relief with respect to the Act generally, including as to those provisions that Plaintiff appears to concede it lacks standing to challenge, Ms. Kinneen's declarations are important evidence of the equities involved in the issuance of relief that could have "the effect of precluding the enforcement" of other portions of the Act. *See* Plf. Mot., Ex. B ¶ 13.

**B.    Dandridge Declaration (Ex. 7)**

Plaintiff similarly challenges the relevance of the declaration of Sean Dandridge, Acting Deputy Assistant Director of the Alternatives to Detention Unit in the Non-Detained Management Division of U.S. Immigration and Customs Enforcement ("ICE"). Plf. Mot., Ex. D ¶ 1. Plaintiff's assertion that the declaration "is not tied to Texas's challenges against the CMPP funds at issue in this case," Plf. Mot. at 2, is not accurate for multiple reasons. *First*, Plaintiff claims in its preliminary injunction motion that the CMPP "releases illegal aliens whom U.S. Immigration and Customs

---

[2] As Defendants have explained previously, *see* ECF No. 55 at 26–30, Texas lacks standing to pursue broad declaratory relief. *See, e.g.*, *In re Gee*, 941 F.3d 153, 160–61 (5th Cir. 2019) ("It is now beyond cavil that plaintiffs must establish standing for each and every provision they challenge"; plaintiffs cannot "identify one injury and then bootstrap it to complain about others"); *California v. Texas*, 141 S. Ct. 2104, 2115-16 (2021) ("declaratory-judgment actions must satisfy Article III's case-or-controversy requirement").

Enforcement would otherwise detain into the interior of the United States." ECF No. 38 at 16.  Mr. Dandridge directly refutes that point, stating that "[n]o individuals are released from ICE ERO custody pursuant to CMPP," and that "CMPP plays no role in ICE ERO's decision to release an individual from its custody." Plf. Mot., Ex. D ¶ 7.  *Second*, Mr. Dandridge states in his declaration that "CMPP participants' immigration cases remain under ICE ERO supervision" and that "CMPP participants are still required to adhere to ICE check-in requirements like all other individuals on the non-detained docket." *Id.*, Ex. D ¶ 6.  That information is relevant to assessing whether individuals who seek services from a CMPP subrecipient differ in important respects from the immigrant population generally.  The information is also relevant to refute Plaintiff's claim that the CMPP "signal[s] that the federal government's priorities have shifted from deterring [illegal] immigration to facilitating a transition into living in the United States." ECF No. 38 at 23.  Mr. Dandridge's declaration is therefore directly responsive to the assertions on which Plaintiff rests its claim of Article III injury.

## II.     Defendants' Declarations (Exs. 7, 8, 11, 15) Are Not Cumulative.

Plaintiff next objects to the first declarations of Kelly Kinneen (Ex. 15) and Peter Mina (Ex. 11), and the only declarations of Sean Dandridge (Ex. 7) and Robert Farmer (Ex. 8), as cumulative. Defendants agree that identical evidence should not be admitted twice, but these declarations are not identical—each includes new information that is relevant and admissible.[3]  Moreover, many of the

---

[3] Plaintiff's argument that Defendants' latest declarations are improper because they "represent the same declarants discussing the same information" with "some minor updates to the information" has it backwards.  *See* ECF No. 93 at 4.  The problem is not that Defendants updated their earlier declarations in response to the topics identified in the Court's consolidation notice, ECF No. 73; the issue is that, despite filing this case in February and its preliminary injunction motion in April, *see* ECF Nos. 4, 37, Plaintiff waited until November—more than eight months after initiating this lawsuit and five months after the parties' motions were ripe—to file its first declaration.  Defendants should not be faulted for updating their earlier, timely-filed declarations or for declining to repeat, for the sake of efficiency, all material found in those earlier declarations.  Rather, for the reasons stated in this response, Defendants' declarations should be admitted and read together.

animating concerns behind a valid cumulative objection—potential confusion and delaying or extending trial—are plainly not present in this bench trial. *See Goodwin v. MTD Prod., Inc.*, 232 F.3d 600, 609 (7th Cir. 2000) (quoting *U.S. v. Gardner*, 211 F.3d 1049, 1055 (7th Cir. 2000)). Neither Defendants' forty exhibits nor the contents of any declaration are overly voluminous. And cumulative objections before trial are often premature because "[a]t trial the court will be in a better position to decide any specific objections to cumulative testimony." *Suhay v. Amusement Mgmt. Partner*, LLC, No. 4:17-CV-01440, 2018 WL 4865053, at *1 (S.D. Tex. July 25, 2018).

Each declaration that Plaintiff cites includes relevant information not included in any other declaration. Ms. Kinneen's first declaration (Ex. 15) contains information on the twelve regular annual appropriations bills included in the Act and about the process for obligating funds and operations during a lapse of appropriations that are not in any other declaration. Plf. Mot., Ex. G ¶¶ 4, 8–22. Mr. Mina's first declaration (Ex. 11) contains information on the process by which CMPP subrecipients receive information about potential participants and examples of case management services available to participants. *Id.*, Ex. F ¶¶ 11, 13. Mr. Farmer's declaration (Ex. 8) describes the role and process by which FEMA first grants CMPP funds to the National Board, which is the step that precedes the separate award of funds to subrecipients, a topic primarily addressed by Mr. Mina's declarations. *Id.*, Ex. E ¶¶ 7–10. And Mr. Dandridge's declaration (Ex. 7), as noted above, includes information about the absence of any role for CMPP in release decisions. *Id.*, Ex. D ¶ 7. The Court should therefore deny Plaintiff's cumulative objections.

### III. Defendants' Declarations (Exs. 2, 3, 4, 15) Do Not Constitute Improper Opinion Testimony.

#### A. Miaskoff Declaration (Ex. 2)

Plaintiff moves to exclude the declaration of Carol R. Miaskoff, Legal Counsel for the U.S. Equal Employment Opportunity Commission (EEOC), as speculative or as an improper legal opinion. In so doing, Plaintiff ignores the legal environment that existed before the PWFA's passage

and Ms. Miaskoff's extensive experience working within that environment, which she describes in her declaration. To the degree Ms. Miaskoff's declaration provides opinions, those opinions are well-founded, rationally based on her knowledge and perceptions, and helpful to the Court.

*First*, none of Ms. Miaskoff's declaration constitutes legal opinion. Plaintiff appears to take issue with Ms. Miaskoff's contention that that the PWFA was "intended to address gaps in the coverage of other federal statutes, including Title VII of the Civil Rights Act of 1964 (Title VII), as amended by the Pregnancy Discrimination Act of 1978." Plf. Mot. at 5, Ex. A ¶ 5. But that is neither an opinion nor a legal conclusion; it's a fact about the passage of the PWFA. And it is a fact accompanied by citation to the House Report on the PWFA, which described the previous standard for actionable discrimination against pregnant workers and noted that "[t]o remedy the shortcomings of the [Pregnancy Discrimination Act], Congress must step in and act." H.R. Rep. No. 117–27, pt.1, at 17 (2021); *see* Plf. Mot., Ex. A ¶ 5 n. 5.

*Second*, the various statements Plaintiff points to as "speculative" are adequately supported by Ms. Miaskoff's experience working with similar accommodation laws and the factual support included in her declaration. Ms. Miaskoff has worked at the EEOC for more than 30 years, including with various laws requiring accommodations, like Title VII. Plf. Mot., Ex. A ¶ 1. Further, the declaration demonstrates that her conclusion that "[m]any of the accommodations that workers will seek under the PWFA will be simple" and that "the EEOC expects [such accommodations] will be granted easily and quickly," are based on her and EEOC's experience with other laws. For example, paragraph 12 notes, quoting EEOC's Initial Regulatory Impact Analysis, that "some of the accommodations required by the proposed rule and underlying statute are already required under the ADA [Americans with Disabilities Act] and Title VII and some employers voluntarily provide accommodations." *Id.*, Ex. A ¶ 12. Predictions about possible accommodations under the PWFA are therefore rationally based on Ms. Miaskoff's extensive past experience with similar laws like the ADA and Title VII. Ms.

Miaskoff's statement that "the PWFA may reduce litigation costs by bringing greater certainty and allowing parties to avoid costly discovery" is similarly tied to past experience with the ADA and Title VII: "the PWFA and the proposed rule are expected to eliminate the need to litigate whether the condition in question is a 'disability' under the ADA, and to limit discovery and litigation costs that arise under Title VII regarding determining if there are valid comparators, thus streamlining the issues requiring judicial attention." *Id.*, Ex. A ¶ 15. Ms. Miaskoff also notes, quoting the NPRM, that "by clarifying the rules regarding accommodations for pregnant workers, the PWFA and the proposed rule will decrease the need for litigation regarding accommodations under the PWFA." *Id.* These justifications solidly ground Ms. Miaskoff's statements about reduced litigation costs as rational extensions of her own personal knowledge, allowable as lay opinion testimony.

### B.     Kinneen Declarations (Exs. 3, 15)

Plaintiff next seeks to exclude Ms. Kinneen's declarations as improper legal conclusions, improper opinion, or otherwise speculative. Plf. Mot. at 5. In so doing, Plaintiff attempts to argue that all testimony about future consequences is improper. But that misunderstands the important distinction between future projections that have an adequate foundation and those that do not.

Plaintiff finds fault in Ms. Kinneen's assertions regarding the serious consequences for the United States should implementation or enforcement of the Act be enjoined or otherwise precluded by judicial order. But unlike Mr. De La Garza's conclusory future predictions,[4] the bases for Ms. Kinneen's opinions are spelled out in her declaration. And crucially, her opinions about future consequences are based on past circumstances as well as the actual amount of funds appropriated by the Act. Specifically, Ms. Kinneen describes the history and consequences of past lapses in appropriations. She notes that "[t]here have been several instances in which funding for government programs lapsed and Congress failed to pass new appropriations bills to provide funding for programs

---

[4] *See* Defendants' Motion *in Limine* at 4–6, ECF No. 77.

to operate." Plf. Mot., Ex. G ¶ 19. During these shutdowns, she continues, "Federal agencies may not legally incur new obligations except in narrow circumstances," agency personnel "generally may not support the continued performance of a contract or grant that has already been awarded," and "hundreds of thousands of Federal employees are placed on furlough." *Id.*, Ex. G ¶¶ 20–21. She cites an OMB circular that specifically plans contingencies for such an event. *Id.*, Ex. G ¶ 22. And then Ms. Kinneen applies that knowledge to the current circumstances of the Act and the particular funding and provisions contained in that law. *See, e.g., id.*, Ex. B ¶¶ 4–11. Because Ms. Kinneen's assertions are rationally based on past events of which she has personal knowledge, they constitute either fact testimony or proper lay opinion testimony. *See Spectre Corp. v. United States*, 160 Fed. Cl. 486, 500 (2022) ("A nonexpert with particularized knowledge of a business's past performance may testify about the business's lost profits without qualifying as an expert. . . . Expert testimony, by contrast, is required to support profit projections not grounded in a company's past performance.").

### C. Second Mina Declaration (Ex. 4)

Although Plaintiff's heading and first sentence list Exhibit 4 as a declaration to which it objects, Plf. Mot. at 4, they do not discuss Exhibit 4 in the body of their argument. Defendants assume the inclusion of Exhibit 4 was a drafting error. For avoidance of doubt, Mr. Mina's declaration (Ex. 4) does not include opinion testimony and the Court should reject any such challenge.

## IV.   Plaintiff's Line-by-Line Objections Should Also Be Rejected.

To the degree Plaintiff's objections are not addressed above, Defendants also respond to Plaintiff's line-by-line objections to Defendants' declarations (ECF No. 78):

| **Declarant** | **Response** |
|---|---|
| Declaration of Peter Mina | Paragraph 4 does not lack foundation and is based on Mr. Mina's experience and personal knowledge as Deputy Officer for Programs & Compliance at the Office for Civil Rights and Civil Liberties for the U.S. Department of Homeland Security. ECF No. 78-1 at 2.<br><br>The last two sentences of paragraph 6 are statements of fact, not opinion, and therefore should not be excluded under Fed. R. 701. |
| Second Declaration of Kelly Kinneen | All listed objections are addressed above. |
| Declaration of Karen Woodard | Paragraph 5, the first sentence of paragraph 6, and the first sentence of paragraph 7 are properly based on Ms. Woodard's experience and personal knowledge as Chief of the Employment Litigation Section of the Civil Rights Department of the United States Department of Justice. |
| Declaration of Carol R. Miaskoff | All listed objections are addressed above. |
| Declaration of Tracy Hudson | Paragraph 5 is adequately based on Ms. Hudson's experience and personal knowledge from working at the EEOC. ECF No. 78-1 at 20.<br><br>Paragraph 7 is adequately based on Ms. Hudson's experience and personal knowledge from working at the EEOC. The paragraph offers background on the process for litigation involving an EEOC investigation, and is relevant to assessing Texas's future injury, to the degree the Court finds such a factual finding relevant to standing, which it should not for the reasons stated in Defendants' briefing.<br><br>Footnote 6 does not misstate or mischaracterize the law. |

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's motion to exclude and overrule all of Plaintiff's objections.

Dated: November 22, 2023                    Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JOHN GRIFFITHS
Director, Federal Programs Branch

LESLEY FARBY
Assistant Branch Director

*/s/ Clayton L. Bailey*
CLAYTON L. BAILEY (D.C. Bar No. 1644867)
Trial Attorney
MICHAEL J. GAFFNEY (D.C. Bar No. 1048531)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel: (202) 598-1226
Fax: (202) 616-8470
Email: clayton.l.bailey@usdoj.gov

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on November 22, 2023, I electronically filed the foregoing paper with the Clerk of Court using this Court's CM/ECF system, which will notify all counsel of record of such filing.

                */s/ Clayton L. Bailey*
                CLAYTON L. BAILEY (D.C. Bar No. 1644867)
                Trial Attorney
                United States Department of Justice
                Civil Division, Federal Programs Branch
                1100 L Street, N.W.
                Washington, D.C. 20005
                Tel: (202) 598-1226
                Fax: (202) 616-8470
                Email: clayton.l.bailey@usdoj.gov